1

2

3

4

5                                                          The Honorable John C. Coughenour

6

7                        UNITED STATES DISTRICT COURT
                        WESTERN DISTRICT OF WASHINGTON
8                                  AT SEATTLE

JOSEPH A. IOPPOLO; DAVID MCCRAY and        )
9   SALLY MCCRAY, husband and wife; SCOTT       )
    KASEBURG and KATHRYN KASEBURG,             )    No. 15-cv-00358 JCC
10  husband and wife; CAR LOT LLC, a Washington )
    limited liability company; FLOOR CRAFT      )    DEFENDANTS KING COUNTY,
11  BUILDING LLC, a Washington limited liability )    PORT OF SEATTLE AND SOUND
    company; FREY REED BUILDING LLC, a          )    TRANSIT'S JOINT MOTION FOR
12  Washington limited liability company; and     )    DISMISSAL OF TORT CLAIMS
    WOODINVILLE LANDING LLC, a Washington       )
13  limited liability company, for themselves and a )    NOTE ON MOTION CALENDAR:
    Class of Similarly Situated  Plaintiffs,       )
14                                              )    May 1, 2015
                                     Plaintiffs, )
15                                              )
                                                )
16                 vs.                          )
                                                )
17  PORT OF SEATTLE, a municipal corporation;   )
    PUGET SOUND ENERGY, INC., a Washington      )
    for profit corporation, KING COUNTY, a political )
18  subdivision of the State of Washington;       )
    CENTRAL PUGET SOUND REGIONAL             )
19  TRANSIT AUTHORITY, a municipal             )
    corporation; and CASCADE WATER            )
20  ALLIANCE, a municipal corporation,          )
                                                )
21                                  Defendants.   )
    _____ )
22

23

DEFENDANTS KING COUNTY, PORT OF
SEATTLE AND SOUND TRANSIT'S JOINT
MOTION FOR DISMISSAL OF TORT CLAIMS
 (15-cv-00358 JCC) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

## I.    RELIEF REQUESTED

2

Defendants King County, Port of Seattle, and the Central Puget Sound Regional Transit

3

Authority ("Sound Transit") jointly move to dismiss plaintiffs' tort causes of action for violation

4

of the government tort claims statute, RCW 4.96.020.  Plaintiffs' lawsuit is barred until each

5

claimant has filed a proper claim with each municipal entity in compliance with the provisions of

6

RCW 4.96.020.

7

## II.    STATEMENT OF FACTS

8

Plaintiffs assert the following tort causes of action against King County, the Port and

9

Sound Transit:

10

- "Conspiracy to illegally utilize the trails act to defraud plaintiffs of their property

11

  rights"

12

- Trespass

13

- Slander of Title

14

In addition, plaintiffs assert a claim for unjust enrichment, arising in tort, against the Port.

15

Plaintiffs have failed to file any tort claims associated with the causes of action asserted

16

in this action with the municipal defendants prior to initiating this action.  There is no allegation

17

in the complaint, in accord with customary practice, that plaintiffs have satisfied the provisions

18

of RCW 4.96.020 with each municipal defendant.

19

**King County**.  By ordinance, King County specifies that a claim under RCW 4.96.020 be

20

filed with the Clerk of the King County Council.  KCC 4.12.070 (B).  The person who holds this

21

position is Anne Norris.  In her declaration, Ms. Norris confirms that none of the plaintiffs have

22

filed any claim form.

23

DEFENDANTS KING COUNTY, PORT OF
SEATTLE AND SOUND TRANSIT'S JOINT
MOTION FOR DISMISSAL OF TORT CLAIMS
 (15-cv-00358 JCC) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    **Port of Seattle**.  In accordance with statute, the Port of Seattle specifies that a claim

2    under RCW 4.96.020 must be filed with one of three authorized agents for the Port to receive the

3    notice – Jeff Hollingsworth, Sara Kern, or Vianney Muse.  The Port of Seattle has recorded

4    notice with the King County Auditor identifying its agents and the address where they may be

5    reached during normal business hours.   In their declarations, Mr. Hollingsworth, Ms. Kern, and

6    Ms. Muse confirm that none of the plaintiffs have filed any claim form.  *See* Declaration of Jeff

7    Hollingsworth, ¶ 6; Declaration of Sara Kern ¶ 5; Declaration of Vianney Muse, ¶ 5.

8    **Sound Transit**.  By resolution of the Sound Transit Board of Directors, a claim under

9    RCW 4.96.020 must be filed with the Board Administrator, who is designated to receive service

10   of process on behalf of Sound Transit.  *See* Declaration of Kathryn Flores, ¶ 4. The person

11   currently filling this role is Kathryn Flores.  Id. at ¶ 2. In her declaration, Ms. Flores confirms

12   that none of the plaintiffs have filed the required notice of claim. Id. at ¶¶ 5-7.

13   **III.    STATEMENT OF ISSUE**

14   Should the Court dismiss plaintiffs' claims for damages arising out of tortious conduct

15   when they have failed to submit proper tort claim forms in accord with RCW 4.96.020 with each

16   municipal defendant?  Yes.

17   **IV.     EVIDENCE RELIED UPON**

18   Declaration of Anne Norris

19   Declaration of Jeff Hollingsworth

20   Declaration of Sara Kern

21   Declaration of Vianney Muse

22   Declaration of Kathryn Flores

23

DEFENDANTS KING COUNTY, PORT OF
SEATTLE AND SOUND TRANSIT'S JOINT
MOTION FOR DISMISSAL OF TORT CLAIMS
 (15-cv-00358 JCC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23

## V.     PLAINTIFFS' LAWSUIT MUST BE DISMISSED BECAUSE IT WAS FILED IN VIOLATION OF THE GOVERNMENT TORT CLAIMS STATUTE

Under the government tort claims statute, RCW 4.96.020(4), any plaintiff seeking "damages against  . . . local governmental entities" must comply with the requirements of RCW 4.96.020.  In order to encourage settlement of claims against the government, a claimant is required to present the claim to a local government prior to filing suit.  RCW 4.96.020(2).  King County, the Port, and Sound Transit are each "local governmental entities within the meaning of this statute.  *See* RCW 4.96.010(2)(definition of local governmental entity includes municipal corporations); RCW 39.50.010(3)(municipal corporations includes any county, port district and regional transit authority).

The statute bars a plaintiff from filing a court action against a local governmental entity until at least sixty days have elapsed after filing the claim:

> (4) *No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof.*  The applicable period of limitations within which an action must be commenced shall be tolled during the sixty calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

RCW 4.96.020 (emphasis added).  "It is generally accepted that one of the purposes of the claim filing provisions is to allow government entities time to investigate, evaluate, and settle claims." *Medina v. Pub. Util. Dist. No. 1 of Benton Cnty.*, 147 Wn.2d 303, 310, 53 P.3d 993, 997 (2002).

Although the statute is liberally construed to allow substantial compliance "with respect to the content of claims . . . and all procedural requirements," RCW 4.96.020(5), both the need to

DEFENDANTS KING COUNTY, PORT OF
SEATTLE AND SOUND TRANSIT'S JOINT
MOTION FOR DISMISSAL OF TORT CLAIMS
 (15-cv-00358 JCC) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1  file a claim and the sixty day waiting period are strictly enforced.  A time limitations is "either

2  complied with or it is not."  *City of Seattle v. Pub. Employment Relations Comm'n*, 116 Wn.2d

3  923, 928-29, 809 P.2d 1377, 1380 (1991).  As found in *Medina* and many other Washington

4  cases, "[n]oncompliance with the statute is not substantial compliance."  *Corona v. Boeing Co.*,

5  111 Wn. App. 1, 8, 46 P.3d 253, 257 (2002).  *See also Troxell v. Rainier Pub. Sch. Dist. No. 307*,

6  154 Wn.2d 345, 350-51, 111 P.3d 1173, 1175 (2005) (RCW 4.96.020(4) "forbids the

7  commencement of a tort action 'until sixty days have elapsed after' the filing of the notice of

8  claim with the 'local governmental entity.'").

9        Plaintiffs' causes of action against King County, the Port, and Sound Transit are claims in

10  which plaintiffs seek "damages arising out of tortious conduct."  Plaintiffs base their first cause

11  of action – conspiracy to defraud – on alleged wrongs the municipal defendants committed,

12  which is a tort.  "Where a conspiracy results in the commission of a wrong, the cause of action

13  sounds in tort and not in contract, though the acts constituting the wrong may affect contractual

14  relationships."  *Kietz v. Gold Point Mines*, 5 Wn.2d 224, 233, 105 P.2d 71 (1940).

15        Plaintiff's trespass claim also sounds in tort.  In accord with the Restatement (Second) of

16  Torts § 158, Washington recognizes Trespass as an intentional tort.  *E.g. Bradley v. American*

17  *Smelting and Refining Co.*, 104 Wash.2d 677, 681, 709 P.2d 782 (1985); *Broughton Lumber Co.*

18  *v. BNSF Ry. Co.*, 174 Wn. 2d 619, 630, 278 P.3d 173 (2012).

19        Plaintiffs' slander of title claim also is a tort.  *See Rorvig v. Douglas*, 123 Wn. 2d 854,

20  862-63, 873 P.2d 492 (1994) (adopting the Restatement of Torts definition of slander of title

21  thereby making attorneys' fees available as damages: "the Restatement (Second) of Torts . . .

22

23

DEFENDANTS KING COUNTY, PORT OF
SEATTLE AND SOUND TRANSIT'S JOINT
MOTION FOR DISMISSAL OF TORT CLAIMS
 (15-cv-00358 JCC) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1   describes slander of title as a form of the general tort of publication of an injurious falsehood"

2   citing Restatement (Second) of Torts § 633 comment b (1977)).

3          In deciding whether plaintiffs' fifth cause of action for unjust enrichment (raised solely

4   against the Port) arises in tort, the court focuses on the "gravamen" of the claim.  *See, e.g.,*

5   *Robinson v. Colorado State Lottery Div.*, 179 P.3d 998, 1008 (Colo. 2008) (because "claim is

6   predicated on tortious conduct and the nature of the injury arises out of a misrepresentation, this

7   claim lies in tort"); *Westwood Pharm., Inc. v. Nat'l Fuel Gas Distrib. Corp.*, 737 F. Supp. 1272,

8   1285 (W.D.N.Y. 1990) ("the gravamen of that claim centers on National Fuel's alleged

9   intentional and/or negligent acts [and] thus sounds in tort"); *Blusal Meats, Inc. v. United States*,

10   638 F. Supp. 824, 832 (S.D.N.Y. 1986) (because "the factual basis for the government's [unjust

11   enrichment] claims is that defendant knowingly and purposefully presented false documents to

12   obtain money" they sound in tort).

13          The gravamen of plaintiffs' unjust enrichment claim is that the Port never acquired a fee

14   ownership of any kind in plaintiffs' property and as a result, "granted illegal easement rights" to

15   others.  *See* Compl. at 23.  Thus, they allege the Port "realized a monetary benefit for the

16   utilization of . . . Plaintiffs' property without payment to the Plaintiffs."  *See* Compl. at 23.  As

17   alleged, the claim for unjust enrichment is akin to a claim of conversion of plaintiffs' property

18   and tortious in nature.

19          Although plaintiffs' claims against the County, the Port, and Sound Transit seek damages

20   arising out of tortious conduct, none of the plaintiffs filed a tort claim with any of the municipal

21   defendants prior to initiating this lawsuit.  As a result, the Court should dismiss plaintiff's tort

22   causes of action.  *See, e.g., Cronk v. City of West Richland*, 2015 WL 853863, at *4 (Feb. 26,

23

DEFENDANTS KING COUNTY, PORT OF
SEATTLE AND SOUND TRANSIT'S JOINT
MOTION FOR DISMISSAL OF TORT CLAIMS
 (15-cv-00358 JCC) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    E.D.Wash. 2015) (tort causes of action dismissed due to failure to file claim under RCW

2    4.96.020); *White v. Shaffer*, 2014 WL 1116735, at *2 (Mar. 20, W.D.Wash. 2014) (same);

3    *Holland v. King County Adult Detention,* 2013 WL 5652505, at *7 (Oct. 15, W.D.Wash. 2013)

4    (same).

5    **VI.    CONCLUSION**

6       For the foregoing reasons, the court should grant this motion to dismiss, the effect of

7    which would be to dismiss plaintiffs' claims of conspiracy to defraud, trespass, slander of title,

8    and for unjust enrichment.

9    DATED this 7th day of April, 2015.

10                  DANIEL T. SATTERBERG
               King County Prosecuting Attorney

11

12                  By: *s/ David J. Hackett*
               DAVID HACKETT, WSBA #21236

13                  Senior Deputy Prosecuting Attorney
               King County Prosecuting Attorney's Office
               500 Fourth Ave., 9th Floor

14                  Seattle, WA.  98104
               Telephone: (206) 296-8820 / Fax: (206) 296-8819

15                  Email:  david.hackett@kingcounty.gov

16   ///

17   ///

18   ///

19   ///

20   ///

21   ///

22   ///

23

DEFENDANTS KING COUNTY, PORT OF
SEATTLE AND SOUND TRANSIT'S JOINT
MOTION FOR DISMISSAL OF TORT CLAIMS
 (15-cv-00358 JCC) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

CALFO HARRIGAN LEYH & EAKES, LLP

By: *s/Randall Thomsen*
Timothy G. Leyh, WSBA#14853
Randall Thomsen, WSBA#25310
Kristin Ballinger, WSBA#28253
999 Third Avenue, Suite 4400
Seattle, WA  98104
Telephone:  (206) 623-1700
Fax:  (206) 623-8717
timl@calfoharrigan.com
randallt@calfoharrigan.com
kristinb@calfoharrigan.com

Attorneys for Defendant Port of Seattle


SOUND TRANSIT

By: *s/ Loren Armstrong*
Loren Armstrong, WSBA #33068
Attorney for Defendand, Sound Transit
401 S. Jackson Street
Seattle, WA.  98104
Telephone: (206) 398-5212 / Fax: (206) 398-5222
Email:  loren.armstrong@soundtransit.org

DEFENDANTS KING COUNTY, PORT OF
SEATTLE AND SOUND TRANSIT'S JOINT
MOTION FOR DISMISSAL OF TORT CLAIMS
 (15-cv-00358 JCC) - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

## DECLARATION OF FILING AND SERVICE

2        I hereby certify that on April 7, 2015, I electronically filed the foregoing motion, the

3 Declaration of Anne Noris, the Declaration of Jeff Hollingsworth, the Declaration of Sara Kern,

4 the Declaration of Vianney Muse, and the Declaration of Katheryn Flores in Support of

5 Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will

6 send notification of such filing to the following:

7                        Daryl A. Deutsch, WSBA # 11003
                            Attorney for Plaintiff
8                       Rodgers, Deutsch & Turner, PLLC
                        Three Lake Bellevue Drive, Suite 100
9                             Bellevue, WA 98005
                         Email: daryl@rdtlaw.com
10
                            Thomas S. Stewart
11                          Elizabeth McCulley
                            Attorneys for Plaintiff
12                   BAKER STERCHI COWDEN & RICE, LLC
                        2400 Pershing Road, Suite 500
13                        Kansas City, MO  64108
                          stewart@bscr-law.com
14                        mcculley@bscr-law.com

15                      Timothy G. Leyh, WSBA #14853
                        Randall Thomsen, WSBA #25310
16                      Kristin Ballinger, WSBA #28253
                          Attorneys for Port of Seattle
17                      Calfo, Harrigan, Leyh & Eakes, LLP
                         999 Third Avenue, Suite 4400
18                           Seattle, WA 98104
                          timl@calfoharrigan.com
19                       randallt@calfoharrigan.com
                         Kristinb@calfoharrigan.com

20

21  ///

22  ///

23

DEFENDANTS KING COUNTY, PORT OF
SEATTLE AND SOUND TRANSIT'S JOINT
MOTION FOR DISMISSAL OF TORT CLAIMS
 (15-cv-00358 JCC) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1

Blake Marks-Dias, WSBA #28169
James E. Breitenbucher, WSBA #27670

2

Attorneys for Puget Sound Energy
Riddell Williams PS

3

1001 – 4th Avenue, Suite 4500
Seattle, WA 98154-1065

4

bmarksdias@riddellwilliams.com
jbreitenbucher@riddellwilliams.com

5

6

Desmond L Brown
Loren G Armstrong
Attorneys for Sound Transit

7

401 S Jackson St
Seattle, WA 98104-2826

8

desmond.brown@soundtransit.org
loren.armstrong@soundtransit.org

9

10

Dale N. Johnson
Attorneys for Defendants Cascade Water Alliance
Van Ness Feldman LLP

11

2025 First Avenue, Suite 500
Seattle, WA 98121-3140

12

dnj@vnf.com

13

14

I declare under penalty of perjury under the laws of the United States and the State of

15

Washington that the foregoing is true and correct.

16

DATED this 7th day of April, 2015 at Seattle, Washington.

17

18

_s/ Lebryna Tamaela_

19

Lebryna Tamaela, Paralegal
King County Prosecuting Attorney's Office

20

21

22

23

DEFENDANTS KING COUNTY, PORT OF
SEATTLE AND SOUND TRANSIT'S JOINT
MOTION FOR DISMISSAL OF TORT CLAIMS
 (15-cv-00358 JCC) - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819