1
2
3
4
5

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

6
7

| | |
|---|---|
| JOSEPH A. IOPPOLO, ET AL.,<br><br>        Plaintiffs,<br><br>vs.<br><br>PORT OF SEATTLE, a municipal corporation;<br>PUGET SOUND ENERGY, INC., a<br>Washington for profit corporation,<br>KING COUNTY, a political subdivision of the<br>State of Washington;<br>CENTRAL PUGET SOUND REGIONAL<br>TRANSIT AUTHORITY, a municipal<br>corporation and<br>CASCADE WATER ALLIANCE, a municipal<br>corporation,<br><br>        Defendants. | **NO. 2:15-CV-00358-JCC**<br><br><br>**PLAINTIFFS' AMENDED RESPONSE<br>TO DEFENDANTS' MOTION TO<br>DISMISS TORT CLAIMS**<br><br><br>Note on Calendar:  May 1, 2015 |

## I.    INTRODUCTION

Defendants King County, Port of Seattle, and the Central Puget Sound Regional Transit

Authority ("Sound Transit") have jointly moved to dismiss, in totality and not in part, Plaintiffs'

causes of action which the Defendants suggest rise in tort.  Defendants' motion concerns RCW

4.96.020, which Defendants suggest must be complied with prior to bringing suit.  However,

because some defendants have themselves failed to comply with the requirements of RCW

Plaintiffs' Amended Response to Defendants' Motion to
Dismiss Tort Claims
2:15-cv-00358-JCC - Page 1

RODGERS DEUTSCH & TURNER, P.L.L.C.<br>Attorneys At Law<br>Three Lakes Bellevue Dr. Suite 100<br>Bellevue, Washington  98005-2440<br>Tel. (425)455-1110  Fax (425)455-1626

4.96.020, they cannot raise its defenses. Furthermore, because none of the Defendants have shown their actions are within the scope of their authority, they have failed to carry their burden under RCW 4.96.020. With regard to the Port of Seattle's arguments concerning Plaintiffs' claim for unjust enrichment, since this is a claim in equity and not in tort, RCW 4.96.020 does not apply. At any rate, the purpose of the statute, which is to investigate, evaluate, and settle comparatively minor claims, cannot practically be served by applying it this mass, complex class action litigation. Because it is **not possible** that the purpose of RCW 4.96.020 can be served in this case, Defendants' Motion to Dismiss should be denied.

## II. REQUIRING COMPLIANCE WITH RCW 4.96.020 WOULD BE A USELESS EXERCISE IN THIS CLASS ACTION.

The Defendants cite *Medina v. Pub. Util. Dist. No. 1 of Benton Cnty.*, 53 P.3d 993, 997 (2002) for the proposition that "[it] is generally accepted that one of the purposes of the claim filing provisions is to allow government entities time to investigate, evaluate, and settle claims." Defs.' Motion at p. 4. But that is an incomplete version of the statement made by the Washington Supreme Court. The Washington Supreme Court stated that the claim filing provisions are to allow government entities "time to investigate, evaluate, and settle claims *where possible*." *Medina*, 53 P.3d at 997 (2002) (emphasis added). Because this matter is brought as a class action and concerns a putative class of hundreds of landowners, the notion that the case would be amenable to negotiation and settlement within a 60 day time period is outrageous. Such is made evident by review of the Claim Form for King County, which is provided by King County so that claimants can comply with RCW 4.96.020. A true and correct copy of the King County claim form is attached hereto as Plaintiffs' Exhibit 1. The form is a simple, concise, two page document that is clearly meant to be completed by claimants who have

Plaintiffs' Amended Response to Defendants' Motion to
Dismiss Tort Claims
2:15-cv-00358-JCC - Page 2

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

comparatively simply causes of actions against King County. It is not designed and intended to address the complex litigation involved in this case. This case involves the analysis of land rights that date back over a hundred years, will eventually necessitate exhaustive analysis of countless historic documents, and will require the mapping and locating of equipment within a right of way that extends for several miles. Put simply, RCW 4.96.020 was not intended to address class action litigation of this magnitude. And even without consideration of the number of putative class members, the fact that there are a number of class representatives, as opposed to a single claimant, does not change the fact that applying RCW 4.96.020 would be a useless exercise. Furthermore, the Defendant has not provided any support that RCW 4.96.020 has ever been applied in class action litigation. For these reasons, Defendants' motion to dismiss should be denied.

## III.    DEFENDANTS HAVE FAILED TO COMPLY WITH 4.96.020

If a defendant fails to strictly comply with the requirements of RCW 4.96.020, then the defendant cannot raise the statute as a defense. *Mavis v. King County Public Hospital No. 2*, 248 P.3d 558, 561 (2011). As explained in *Mavis,* RCW 4.96.020 has specific requirements that government entities must adhere to, lest they will be unable to receive the statute's benefits:

> The governing body of each local governmental entity shall appoint an agent to receive any claim for damages made under this chapter. The identity of the agent and the address where he or she may be reached during the normal business hours of the local governmental entity are public records and shall be recorded with the auditor of the county in which the entity is located....

> The *failure of a local governmental entity to comply with the requirements of this section precludes that local governmental entity from raising a defense under this chapter.*

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

RCW 4.96.020(2) (emphasis added). That a governmental entity must strictly comply with 4.96.020 was made particularly clear in *Mavis*, where the board of the King County Hospital District, although it appointed and identified an individual, by name, to act as an agent to receive a claim, it failed to record the agent's identity and address with the county auditor. *Mavis*, 248 P.3d at 562-563 (2011). In *Estate of Connelly ex rel. Connelly v. Snohomish County Public Utility Dist. No. 1,* 187 P.3d 842 (2008), a public utility district sought to raise RCW 4.96.020 as a defense, yet had failed to designate an agent and record the name of the agent with the county auditor. Accordingly, the district was forced to acknowledge that it could not raise a defense under the statute. *Id.* at 843.

Under the statute, Defendants are required to provide: 1) the identity of the agent, by name; 2) the address where he/she may be reached; and 3) the normal business hours during which the agent can be reached. *RCW 4.96.020(3)(c).* This information must also be recorded with the auditor's office. *Mavis*, 248 P.3d at 642 (2011). With their motion, Defendants have submitted several declarations by individuals whom Defendants state are those who are designated to receive claims under RCW 4.96.020. Pursuant to RCW 4.96.020, this information is to "be recorded with the auditor of the county in which the entity is located." However, the information contained within the documents provided by Defendants is not the same as that which is available through the office of the King County auditor. Indeed, the information available through the King County auditor is significantly different, and far less complete than the information submitted with Defendants' motion.

Attached to Plaintiffs' Response as Exhibits 2 and 3 are the actual documents available through the King County auditor for Sound Transit. (*See*

Plaintiffs' Amended Response to Defendants' Motion to
Dismiss Tort Claims
2:15-cv-00358-JCC - Page 4

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

http://www.kingcounty.gov/business/Recorders/RecordsSearch.aspx, last visited on April 21,
2015). These documents represent the information that is available to claimants who attempt to
comply with RCW 4.96.020. Because each of these documents contain less information than
required by RCW 4.96.020, Defendants cannot use the statute as a defense.

Exhibit 2 is the information for Sound Transit. Although Sound Transit provides the
address and the normal business hours for the claim agent, only the title of the claim agent is
provided. This is not the name of the claim agent, which is what the statute requires. *See* RCW
4.96.20(3)(c) ("Local governmental entities shall make available the standard tort claim form
described in this section with instructions on how the form is to be presented and the *name*,
address, and business hours of the agent of the local governmental entity.") (emphasis added).
These are therefore the same circumstances as those in *Estate of Connelly*, where the defendant
did not comply with RCW 4.96.020 because it failed to provide the *name* (the identity) of the
claim agent. In *Estate of Connelly*, the court explained that "[i]f the [local government entity]
does not appoint an agent and record the agent's *identity* with the county auditor, it is precluded
from raising a defense under the claim filing statute." *Estate of Connelly*, 187 P.3d at 843 (2008)
(*citing* RCW 4.96.020(2)) (emphasis added). Exhibit 2 is a copy of the information for the claim
agent for the Port of Seattle, Jeffrey Hollingsworth. As seen in Exhibit 2, the normal business
hours during which Jeffrey Hollingsworth can be reached is not provided. This information is
also not provided in Defendants' Exhibit A attached to Jeffrey Hollingsworth's declaration.
Thus, the Port of Seattle has failed to strictly comply with RCW 4.96.020(2) and 4.96.020(3)(c).
This missing information, in some instances, is provided in the Port of Seattle and Sound

Plaintiffs' Amended Response to Defendants' Motion to
Dismiss Tort Claims
2:15-cv-00358-JCC - Page 5

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Transit's declarations.  But these declarations are not available through King County.  Thus, these defendants have failed to comply with RCW 4.96.020.

Admittedly, the entities' failures to strictly adhere to RCW 4.96.020 amount to small technicalities, and their resulting inability to use the statute as a defense due to such technical failure might be considered an unfair reality.  But the same can be said for any plaintiff's failure to follow RCW 4.96.020.    As pointed out in *Estate of Connelly*, a plaintiff's complaint can be dismissed for failure to abide by any one of the many precise procedural requirements of RCW 4.96.020, such as failure to personally verify the contents of the nonjudicial claim, failure to wait the full 60 day period, or because the claim was not presented to the correct person.  *Estate of Connelly*, 187 P.3d at 844 (2008) (citing cases).  To suggest that Plaintiffs' Complaint should be dismissed when these defendants have likewise failed to comply with 4.96.020 would be patently unfair.  See *Estate of Connelly*, 187 P.3d at 845 (2011) ("Because the district was delinquent in appointing an agent, it cannot complain that the estate's service on the auditor was improper.").

## IV.    DEFENDANTS HAVE NOT SHOWN THAT THEY ACTED IN THE SCOPE OF THEIR AUTHORITY WHEN THEY COMMITTED THE ACTS ALLEGED BY PLAINTIFFS.

In order to utilize RCW 4.96.020 as a defense, a local entity must show they acted within their authority when they committed the wrongful acts.  See *RCW 4.96.020* ("All claims for damages against a local governmental entity, or against any local governmental entity's officers, employees, or volunteers, *acting in such capacity*, shall be presented to the agent within the applicable period of limitations within which an action must be commenced.") (emphasis added).  Defendants' motion is devoid of any explanation of how the commission of a trespass, the conspiracy to defraud Plaintiffs of their property rights, or the actions that provide the basis of

Plaintiffs' Amended Response to Defendants' Motion to
Dismiss Tort Claims
2:15-cv-00358-JCC - Page 6

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

any of the Plaintiffs' other causes of action, are actions taken within the scope of the authority of these entities. Because of this, Defendants have failed to meet their burden of proof and their motion should be dismissed.

## V.   PLAINTIFFS' CLAIM FOR UNJUST ENRICHMENT IS NOT A TORT, SO RCW 4.96.020 DOES NOT APPLY

First and foremost, Plaintiffs note that all of the decisions cited by the Defendants in support of their argument that Plaintiffs' unjust enrichment claim sounds in tort are from different jurisdictions with no authority over this Court. In fact, the cases cited by the Defendant are completely contradicted by the law of Washington, which clearly holds that a claim for unjust enrichment is a quasi-contract claim in equity, not in tort.

The Washington Supreme Court has characterized the theory of unjust enrichment as a "contract implied in law" or "quasi contract." *Young v. Young,* 191 P.3d 1258, 1262 (2008). Quasi contracts are founded on the equitable principle of unjust enrichment, which simply states that one should not be "unjustly enriched at the expense of another." *Milone & Tucci, Inc.,* 301 P.2d 759, 761 (1956). Thus, that a claim for unjust enrichment is a claim in equity, not in tort, is a matter of settled law in the state of Washington. See *Bailie Commc'ns, Ltd. v. Trend Bus. Sys., Inc.,* 810 P.2d 12, 18 (1991) ("Unjust enrichment occurs when one retains money or benefits which in justice *and equity* belong to another.") (emphasis added); see also *Seattle Professional Engineering Employees Ass'n. v. Boeing Co.*, 991 P.2d 1126, 1133-1134 (distinguishing unjust enrichment claims from tort claims). Accordingly, Plaintiffs' claim for unjust enrichment against the Port of Seattle should not be dismissed.

Plaintiffs' Amended Response to Defendants' Motion to
Dismiss Tort Claims
2:15-cv-00358-JCC - Page 7

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

## VI.   THE COURT CAN ONLY GRANT DEFENDANTS' MOTION IN ITS ENTIRETY

Plaintiffs note that the relief requested by Defendants is all-encompassing, in that it requests "dismissal of Plaintiffs' claims of conspiracy to defraud, trespass, slander of title, and for unjust enrichment" in whole, not in part. *See* Defs.' Mot. at p. 7. The Defendants have not requested any alternative relief from the Court. Thus, unless the Court grants Defendants' motion in its entirety, the motion should be denied, for there is no request for partial relief, i.e. a dismissal of less than all of the causes of action identified in Defendants' motion.

## VII.   CONCLUSION

Defendants' motion should be denied on the basis that some defendants have failed to comply with the requirements of RCW 4.96.020, in that these defendants' have failed to make available all of the information identified in the statute.  Furthermore, the unjust enrichment claim against the Port of Seattle is not a tort claim, and therefore not subject to the statute. Finally, Plaintiffs respectfully request that this Court deny Defendants' Motion for the additional reason that the purpose of RCW 4.96.020 cannot be served by applying it to this class action litigation.

Respectfully submitted,

Date: April 23, 2015.                  STEWART, WALD & McCULLEY, L.L.C.


By  /s/ *Thomas S. Stewart*
    Thomas S. Stewart
    Elizabeth McCulley
    9200 Ward Parkway, Suite 550
    Kansas City, MO 64114
    Telephone:    (816) 303-1500
    Facsimile:    (816) 5278068
    stewart@swm.legal
    mcculley@swm.legal

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

AND

RODGERS DEUTSCH & TURNER, P.L.L.C.
Daryl A. Deutsch, WSBA No. 11003
Rodgers Deutsch & Turner, P.L.L.C.
3 Lake Bellevue Dr. Suite 100
Bellevue, WA 98005
Telephone      (425) 455-1110
Facsimile      (425) 455-1626
daryl@rdtlaw.com

**ATTORNEYS FOR PLAINTIFFS**

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on the 23rd day of April 2015, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

Andrew W Marcuse
David J. Hackett
Peter G. Ramels
King County Prosecuting Attorney, Civil Division
500 4th Avenue, Suite 900
Seattle, WA 98104-5039
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
pete.ramels@kingcounty.gov
ATTORNEYS FOR DEFENDANT
KING COUNTY

James Breitenbucher
Blake Marks-Dias
RIDDELL WILLIAMS
1001 Fourth Avenue, Suite 4500
Seattle, WA 98154-1192
jbreitenbucher@riddellwilliams.com
bmarksdias@riddellwilliams.com
ATTORNEYS FOR DEFENDANT
PUGET SOUND ENERGY

Plaintiffs' Amended Response to Defendants' Motion to Dismiss Tort Claims
2:15-cv-00358-JCC - Page 9

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Desmond L. Brown
Loren Armstrong
401 S. Jackson Street
Seattle, WA  98104
Desmond.brown@soundtransit.org
Loren.armstrong@soundtransit.org
ATTORNEY FOR DEFENDANT
CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY (SOUND TRANSIT)


VAN NESS FELDMAN, LLP
Dale N. Johnson
2025 First Avenue, Suite 500
Seattle, WA  98121-3140
dnj.vnf.com
ATTORNEY FOR DEFENDANT
CASCADE WATER ALLIANCE


_____     /s/ *Thomas S. Stewart*_____

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626