1
2
3
4
5
6
7
8

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH A. IOPPOLO, ET AL., | NO. 2:15-CV-00358-JCC |
| Plaintiffs, | |
| vs. | PLAINTIFFS' BRIEF IN OPPOSITION TO DEFENDANT PUGET SOUND ENERGY'S MOTION TO DISMISS |
| PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation, KING COUNTY, a political subdivision of the State of Washington; CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation and CASCADE WATER ALLIANCE, a municipal corporation, | |
| Defendants. | |

## I.   BACKGROUND

This case involves a former railroad right-of-way that has been converted into an easement for trail use with the *potential* reactivation of a railroad under the National Trail System Act, 16 U.S.C. § 1247(d) ("Trails Act"). The potential reactivation of a railroad is called "railbanking" and preserves federal jurisdiction over the former right-of-way just in case, sometime in the speculative future, the line would be reactivated as a railroad. Railbanking is

Plaintiffs' Brief In Opposition to Defendant Puget Sound
Energy's Motion to Dismiss - 2:15-cv-00358-JCC - Page 1

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

not a vested interest in the former railroad corridor but, rather, is an unvested interest that will likely never come to fruition.  Currently, no railroad owns or has any interest in the easement.

The former railroad right-of-way was owned by BNSF, and although BNSF only had an easement for railroad purposes, it quit-claimed that interest to Port of Seattle ("Port') and King County, pursuant to the Trails Act which authorizes the conversion of the easement into a different and new easement. Defendant Puget Sound Energy, Inc. ("PSE") claims that it owns aerial, surface and subsurface rights amounting to the fee because they acquired interest in the railroad's easement, from the Port.  Plaintiffs brought suit against PSE for, among other things, engaging in activities within the former BNSF railroad corridor that are beyond the property interests that were obtained from BNSF.

## II.    INTRODUCTION.

PSE has filed what it characterizes as a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6).  PSE states that Plaintiffs have failed to allege facts to support their claims for conspiracy, trespass, inverse condemnation, and slander of title, and states that as a result Plaintiffs' Complaint should be dismissed with prejudice.  Defendant's motion is in reality a poorly conceived motion for summary judgment.  But we are not at the summary judgment stage. A 12(b)(6) motion concerns only the pleadings, and it cannot be said that all of Plaintiffs' claims will necessarily fail no matter what facts are proved.  Particularly so, because the Defendant has in fact requested an interpretation of the evidence in a manner that is favorable to it, the moving party.  In fact, Plaintiffs' Complaint is more than adequate to survive a motion to dismiss under Rule 12(b)(6), for it *pleads* sufficient facts to demonstrate that all of Plaintiffs' causes of action are plausible.

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Defendant concurrently suggests that Plaintiffs' causes of action should be dismissed with prejudice on the basis that they are barred by their applicable statute of limitations. But such relief cannot be granted in these instances, as Defendant's motion in this regard necessitates a finding of when Plaintiffs' causes of action accrued. Given that this litigation has only started a month ago, and the parties have yet to engage in any discovery, that Defendant could claim to be in possession of facts sufficient to enable the Court to make such a pivotal decision is truly extraordinary. In any event, the Defendant has failed to carry its burden to proof of when Plaintiffs' causes of action accrued in light of the discovery rule.

In addition, Plaintiffs note that PSE has not requested anything short of complete dismissal with prejudice of Plaintiffs' claims. The grant of such relief would be a tremendous miscarriage of justice at such an early stage of the litigation, for at this point Plaintiffs are entitled to an opportunity to amend their Complaint.

For these reasons, and based upon the arguments contained herein, Defendant PSE's motion to dismiss should be denied.

## III. PLAINTIFFS' COMPLAINT CONTAINS SUFFICIENT FACTUAL ALLEGATIONS TO WITHSTAND A MOTION TO DISMISS.

"[F]or a complaint to survive a motion to dismiss, the non-conclusory 'factual content,' and reasonable inferences from that content, must be plausibly suggestive of a claim entitling the plaintiff to relief." *Moss v. U.S. Secret Service,* 572 F.3d 962, 969 (9th Cir. 2009) (*quoting Ashcroft v. Iqbal,* 129 S.Ct. 1937, 1949 (2009)). Thus, surviving a motion to dismiss or a motion for judgment on the pleadings "do[es] not require heightened fact pleading of specifics, but only enough facts to state a claim to relief that is *plausible on its face.*" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007) (emphasis added). Furthermore, "a

Plaintiffs' Brief In Opposition to Defendant Puget Sound
Energy's Motion to Dismiss - 2:15-cv-00358-JCC - Page 3

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

complaint attacked by a Rule 12(b)(6) motion to dismiss does not need detailed factual allegations." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 545 (2007). Here, Plaintiffs allege facts that are more than sufficient to support their causes of action, namely, the fact that all of the defendants have or plan to engage in unlawful acts beyond the scope of the property interests that were gained from BNSF.

### a. Plaintiffs have pled sufficient facts to support a claim for conspiracy that is plausible on its face.

"An actionable civil conspiracy exists if two or more persons combine to accomplish an unlawful purpose or combine to accomplish some purpose not in itself unlawful by unlawful means." *Corbit v. J.I. Case Co.*, 424 P.2d 290, 295 (1967). The plaintiff must also show that the alleged coconspirators "entered into an Agreement to accomplish the object of the conspiracy." *Id*. In Plaintiffs' Complaint, the Plaintiff identified several instruments between BNSF and the Port and King County in which BNSF indicated that BNSF's interest in the railroad corridor might only rise to the level of easements for railroad purposes. (Dkt. #18-1 at ¶ 33.) According to Defendant PSE, these were publicly recorded documents, and therefore fully available to PSE. (Def.'s Mot. at p 4 n. 1.) Thus, prior to PSE entering into the Easement Agreement with the Port of Seattle (a fact that was alleged in Pls.' Comp.), it was *plausible* that PSE knew that its planned activities concerning the former railroad corridor were beyond the scope of the property rights acquired by the Port of Seattle from BNSF. Indeed, the facts and circumstances alleged by Plaintiffs in their Complaint make it plausible to suggest that PSE *certainly knew* that its planned activities were beyond the scope of the easements. These alleged facts form a sufficient basis to state a claim for relief for civil conspiracy, as the "unlawful purpose" alleged is the imposition of

Plaintiffs' Brief In Opposition to Defendant Puget Sound
Energy's Motion to Dismiss - 2:15-cv-00358-JCC - Page 4

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

additional easements by King County, the Port, and PSE that are beyond the scope of the property interests gained from BNSF.

In further satisfaction of the allegation of all elements of the civil conspiracy claim, there is the Easement Agreement, which can be considered the "Agreement to accomplish the object of the conspiracy." *Corbit,* 424 P.2d at 295 (1967).  Thus, Plaintiffs' Complaint provides more than sufficient factual allegations to state a civil conspiracy claim.

The Defendant also suggests that in order to state a claim for conspiracy, Plaintiffs must prove an underlying actionable claim that was accomplished by the conspiracy.  The Defendant suggests that the only permissible actionable claim that could satisfy such a requirement is a claim of fraud.  And that because Plaintiffs have not made any allegations of fraud, their conspiracy claim should be dismissed.  That is simply wrong.  Defendant has not provided any authority that a fraud and only a fraud can be accomplished by a conspiracy.  Plaintiffs have their trespass, inverse condemnation, unjust enrichment, and slander of title claims, all of which were claims accomplished by the conspiracy.  Thus, they have pled sufficient of causes of action to make their conspiracy claim complete.

The Defendant also inappropriately asks the Court to weigh the evidence before it, and then issue summary judgment in favor of it.  PSE points to the Easement Agreement, wherein the Port of Seattle allegedly warranted that it possessed the necessary right, title and interests in the property to grant the Easement Rights to PSE, and then asks the Court to rule that it is an innocent party based on the warranty.  The determination of whether PSE knew or did not know its actions damaged Plaintiffs is not the question this Court can be asked to answer in this motion to dismiss, or any motion to dismiss under 12(b)(6).  The question is whether Plaintiffs have stated a "plausible" ground for relief.  *Bell Atlantic*, 550 U.S. at 556-557 (2007).  PSE cites

Plaintiffs' Brief In Opposition to Defendant Puget Sound
Energy's Motion to Dismiss - 2:15-cv-00358-JCC - Page 5

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

*Wilson v. State*, 929 P.2d 448 (1996) for the proposition that there must be "clear, cogent, and convincing evidence" that there has been a conspiracy.  Perhaps that is true, but that is not a pleading standard, it is a standard of proof and therefore completely irrelevant to PSE's motion. It is not Plaintiffs' burden to provide the Court with a "smoking gun" in a Complaint, only to provide the Court with allegations that such evidence, or some other evidence exists.

Because Plaintiffs have made sufficient allegations to establish a claim for conspiracy, Defendant's motion to dismiss should be denied.

### b.  Plaintiffs have pled sufficient facts to support a claim for trespass that is plausible on its face.

The elements for a claim of intentional trespass are: "(1) an invasion affecting an interest in the exclusive possession of property; (2) an intentional doing of the act which results in the invasion; (3) reasonable foreseeability that the act done could result in an invasion of plaintiff's possessory interest; and (4) substantial damages to the res." *Seal v. Naches–Selah Irrigation Dist.,* 51 Wash.App. 1, 5, 751 P.2d 873 (1988) (citing *Bradley v. Am. Smelting & Refining Co.,* 104 Wash.2d 677, 691, 709 P.2d 782 (1985)).  Plaintiffs have alleged facts more than sufficient to state a claim for trespass against PSE.  Plaintiffs have alleged the following: 1) that they own the underlying fee in the railroad corridor, including subsurface rights (Pls.' Compl. at ¶33.); (2) that PSE intentionally invaded Plaintiffs' property interests by installing water and sewer pipes, underground cable, underground power lines, and/or other infrastructure in land in the railroad corridor belonging to Plaintiffs (Pls.' Compl. at ¶71.); 3) that it was reasonably foreseeable by PSE that doing so could result in an invasion of Plaintiffs' property interests because PSE was on notice via the Donation Agreement between BNSF and King County and the Port of Seattle that the Port's easement was limited to railroad purposes (Pls.' Compl. at

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

¶33.)[1]; and 4) the invasion resulted in damage to the res by interfering with their exclusive right to the subsurface and aerial rights of their property (Pls.' Compl. at ¶75.).

The Defendant characterizes the above-described specific acts alleged by Plaintiffs to support their trespass claim as "threadbare allegations." (Def.'s Mot. at p. 8.)  This statement by PSE reflects a misunderstanding of the point Justice Kennedy was making in *Ashcroft v. Iqbal,* 556 U.S. 662 (2009).   What Justice Kennedy was addressing were instances where plaintiffs recited the elements of the cause of action without factual allegations.  *Iqbal*, 556 U.S. at 663-664 (2007).   That is not the case here.   Plaintiffs' Complaint contains numerous, specific factual allegations.   Thus, Plaintiffs do not make the mistake that Justice Kennedy warned plaintiffs of in *Iqbal*.

### c. Plaintiffs have pled sufficient facts to support an inverse condemnation action that is plausible on its face.

PSE states that Plaintiffs' inverse condemnation action "does not make any sense" and should therefore be dismissed.  But in reality, and as alleged by Plaintiffs in their Complaint, this inverse condemnation action makes perfect sense.  Plaintiffs have alleged that King County and the Port purchased BNSF's easement and sold those rights to those easements to PSE.  But that easement was limited to railroad purposes, as explained in the *Haggart* decision, and is now an easement for a nature and hiking trail.  So what King County and the Port actually sold to PSE were property rights that did not belong to them.  And, as alleged by Plaintiffs, none of the defendants paid Plaintiffs for the property that was taken from them.  Now, as set forth in Plaintiffs' Complaint, water and sewer pipes, underground cable, underground power lines, and/or other infrastructure have been installed in land in the railroad corridor by PSE, which

---

[1] Plaintiffs note at this point that discovery will no doubt result in the Plaintiffs obtaining additional evidence

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

belongs to Plaintiffs (Pls.' Compl. at ¶71.)   Thus, Plaintiffs' property was appropriated for a public purpose and Plaintiffs were not paid.   That is the very definition of inverse condemnation. PSE apparently wishes to obtain from this Court a determination of whether Plaintiffs *should* succeed on their cause of action for inverse condemnation, but Plaintiffs at this stage need only support their claims by *alleging* sufficient facts.   In assessing whether this has been accomplished, the Court must accept all facts alleged in the complaint as true, and make all inferences in the light most favorable to the non-moving party.   *Baker v. Riverside County Office of Educ.,* 584 F.3d 821, 824 (9th Cir. 2009) (internal citations omitted).   Because all of the facts alleged in Plaintiffs' Complaint support a cause of action for inverse condemnation, and all inferences relating to those facts should be viewed in light most favorable to Plaintiffs, Defendant's motion should be denied.

### d.   Plaintiffs have pled sufficient facts to support a claim for slander of title that is plausible on its face.

All of the facts necessary to support a claim for slander of title are contained in Plaintiffs' Complaint.   "The necessary elements of a slander of title action are that the words: (1) must be false; (2) must be maliciously published; (3) must be spoken with reference to some pending sale or purchase of the property; (4) must result in a pecuniary loss or injury to the plaintiff; and (5) must be such as to defeat the plaintiff's title." *Pay 'N Save Corp. v. Eads,* 53 Wn. App. 443, 448, 767 P.2d 592 (1989) (citing *Brown v. Safeway Stores, Inc.*, 94 Wn.2d 359, 375, 617 P.2d 704 (1980)).

Plaintiffs' slander of title action stems from the sale of property interests owned by Plaintiffs by the Defendants.   Plaintiffs allege that PSE and the other defendants stated they had sufficient property interests to encompass the uses identified in Plaintiffs' Complaint.   (Pls.' Compl. at ¶88.)

---

proving that PSE knew that the easement was limited to railroad purposes.

Plaintiffs' Brief In Opposition to Defendant Puget Sound
Energy's Motion to Dismiss - 2:15-cv-00358-JCC - Page 8

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Because the easements transferred and sold among the Defendants were beyond the scope of the property interested they actually possessed, and in reality were owned by Plaintiffs, those statements were false. (Pls.' Compl. at ¶84.)  Thus, sufficient facts have been alleged to support elements 1 and 3 of a slander of title action.  With regard to element 2, Plaintiffs note that "[t]he element of malice is met when the slanderous statement is not made in good faith or is not prompted by a reasonable belief in its veracity." *Rorvig v. Douglas*, 873 P.2d 492, 496 (1994) (citing *Brown v. Safeway Stores, Inc.,* 94 Wash.2d 359, 375, 617 P.2d 704 (1980)).  As stated repeatedly *supra*, all of the defendants, at least through the Donation Agreement, knew the easement owned by BNSF did not encompass the uses contemplated by PSE.  Because this alleged fact supports a finding of malice, Plaintiffs have satisfied this element.  Turning to elements 4 and 5, since Plaintiffs' property value is diminished because their property rights in the former railroad corridor were taken by PSE, it is not necessary for Plaintiffs to plead with greater specificity than to allege the facts of a taking without exercising condemnation rights, which Plaintiffs have done.  In other words, it is axiomatic that when title to property is taken, it results in pecuniary loss or injury that defeats such title.

## IV.   PLAINTIFFS SHOULD BE GIVEN THE OPPORTUNITY TO AMEND THEIR COMPLAINT.

Plaintiffs point out that where claims are dismissed under Rule 12(b)(6), the court "should grant leave to amend  . . . unless it determines that the pleading could not possibly be cured by the allegation of other facts." *Lopez v. Smith,* 203 F.3d 1122, 1127 (9th Cir. 2000).  Although Plaintiffs maintain that they have properly pleaded all of their causes of action, should the Court agree with some aspect of the Defendant's motion, then Plaintiffs must be given the opportunity to amend their Complaint.  To suggest that Plaintiffs' should be dismissed with

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

prejudice at such an early stage of the litigation, as the Defendant suggests, shows a complete misunderstanding of the basis for relief under 12(b)(6).

## V. THE DEFENDANT INAPPROPRIATELY REQUESTS THAT THE COURT WEIGH EVIDENCE AND CONVERT ITS MOTION INTO A MOTION FOR SUMMARY JUDGMENT.

The Defendant is attempting a back door approach.  PSE attaches the Memorandum of Understanding ("MOU") and the Easement Agreement as evidence to its Motion to Dismiss.  Its reason for doing so is that it hopes the Court will construe those documents as evidence to support dismissing Plaintiffs' Complaint with prejudice on the grounds that Plaintiffs' causes of action are barred by their applicable statutes of limitations. But while it is true that a Court may consider documents referenced in a Complaint without converting the motion to dismiss into a motion for summary judgment (which is what PSE is trying to accomplish here), the purposes for allowing the consideration of those documents are limited.  One purpose is to prevent a plaintiff from quoting "an isolated statement from a document" in a complaint, when the complete document refutes the allegations. *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997) (where consideration of entire document made clear that statement taken in isolation was not fraudulent); accord *Parrino v. FHP, Inc.*, 146 F.3d 699, 705-06 (9th Cir. 1998) (applying rule to documents "critical to plaintiff's claims" to prevent "plaintiffs from surviving a Rule 12(b)(6) motion by deliberately omitting references to documents upon which their claims are based.").  This purpose is not applicable here, as Plaintiffs have not quoted extensively or inaccurately from any of the documents referenced within its Complaint.   These documents therefore constitute evidence submitted by PSE that is outside the pleadings.  Therefore, this Court may not consider this evidence when ruling on this motion to dismiss under 12(b)(6).  See *U.S. v. Ritchie*, 342 F.3d 903, 907-908 (9th Cir. 2003) (citing *Parrino v. FHP, Inc.*, 146 F.3d

Plaintiffs' Brief In Opposition to Defendant Puget Sound
Energy's Motion to Dismiss - 2:15-cv-00358-JCC - Page 10

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

699, 706 n.4 (9th Cir. 1998)).  Without these documents, there is absolutely no evidence for the Court to consider and determine whether Plaintiffs' causes of action are barred by their applicable statute of limitations.   Thus, Defendants' motion to dismiss on the basis that Plaintiffs' causes of action are time-barred should be denied.

Yet, if the Court does consider the evidence submitted by PSE, "the motion must be converted into a motion for summary judgment and the other party must be given an *opportunity* to respond."  *Ritchie*, 342 F.3d at 907-908 (2003) (emphasis added).  Thus, if the Court decides to entertain this evidence as a basis for dismissing Plaintiffs' claims "with prejudice" (Def.'s Mot. at p. 2.), then Plaintiffs must be given an opportunity to gather evidence and respond.  PSE would have this Court believe that the documents attached to their Declaration represent the entire universe of evidence that relate to the question of whether Plaintiffs' claims are time barred.  They further suggest that the question is ripe for determination, even though no discovery has taken place.  PSE 's motion should be denied because it overreaches the extent of the relief that it can be granted at this juncture.

## VI.   THE DEFENDANT CANNOT CARRY AND HAS NOT CARRIED ITS BURDEN TO PROVE THAT PLAINTIFFS' CLAIMS ARE TIME-BARRED.

### a.   PSE has not carried its burden of proof that as a matter of law Plaintiffs' claim are time-barred.

Under Washington law, a cause of action begins to accrue when a claimant knew, or in the exercise of due diligence should have known, the essential elements of the cause of action.  See *Fradkin v. Northshore Utility District*, 977 P.2d 1265 (Wa. Ct. App. 1999).  First and foremost, Plaintiffs note that PSE has not bothered to provide this Court with an explanation of how the MOU and the Easement Agreement can be said to have informed the Plaintiffs of the

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

elements of their causes of action.    Accordingly, PSE has failed to address or even acknowledge how Washington's discovery rule might affect the accrual date.  See *Allen v. State,* 118 Wash.2d 753, 758, 826 P.2d 200 (1992) ("The key consideration under the discovery rule is the factual, not the legal, basis for the cause of action.")  Here, PSE does not provide any explanation for how the Plaintiffs could have known of the existence of the MOU and/or the Easement Agreement.  All the Defendant does is point to its own Declaration, identify what it believes to be the applicable statute of limitations for each claim, and then assert that Plaintiffs' claims should be dismissed with prejudice.  This is exactly the type of "threadbare allegation" the Defendant complains of in its own motion.

Defendant also blatantly contradicts itself.  In one breath, it states that the MOU can be said to properly make the Plaintiffs aware of the essential elements of their cause of action, and uses such as a basis of dismissing Plaintiffs' claims under the relevant statute of limitations.  Yet in another points out that the MOU "is a non-binding document that creates no rights and imposes no obligations on any Party." (Breitenbucher Decl. Ex. A at 3.).  If that is the case, then it is not possible for it to form the factual bases of Plaintiffs' causes of action.

For these reasons, Defendant's motion should be dismissed.

b. **Defendant cannot succeed because this Court must construe the issue in a light most favorable to Plaintiffs.**

Even if the Court considers the evidence it "must construe the complaint in the light most *favorable to the plaintiff* and accept as true the factual allegations of the complaint." *Erickson v. Pardus*, 551 U.S. 89, 93-94 (2007) (emphasis added).  Should this Court choose to evaluate this issue now, Plaintiffs note that they were not aware of PSE's claim of an interest in the former railroad corridor until it was brought to their attention through public meetings in 2014, which is

Plaintiffs' Brief In Opposition to Defendant Puget Sound
Energy's Motion to Dismiss - 2:15-cv-00358-JCC - Page 12

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

well in advance of any of the applicable statute of limitations, in light of the discovery rule. See *Allen,* 826 P.2d at 203 (1992) ("action accrues when the plaintiff knows or should know the relevant facts."). Furthermore, Plaintiffs reject the supposition drawn by PSE that Plaintiffs should have known of the existence of the MOU or the Easement Agreement. This conclusion has no factual support. In any case, given that this factual assertion is refuted by Plaintiffs is sufficient to defeat PSE's motion in the present context.

## VII.   THE COURT CAN ONLY GRANT DEFENDANTS' MOTION IN ITS ENTIRETY.

Plaintiffs note that the relief requested by PSE is all-encompassing, in that it requests that "the plaintiffs' complaint against PSE should be dismissed with prejudice under Rule 12(b)(6)." (Defs.' Mot. at p. 11.). The Defendant has failed to request any alternative relief from the Court—a dismissal of less than all of the causes of action identified in Defendants' motion or dismissal without prejudice for Plaintiffs to refile. Thus, unless the Court chooses to grant Defendant's motion in its entirety – dismissal of all claims with prejudice – then the motion must be denied.

## VIII.   CONCLUSION.

As detailed in Plaintiffs' Complaint, Defendant PSE has engaged in activities within the former BNSF railroad corridor at issue here that are beyond the property interests that were obtained from BNSF. Each of Plaintiffs' causes of action stem from these activities or planned activities, and the Plaintiffs have provided in their Complaint detailed factual allegations of how this is so.

Defendant misunderstands the pleading standard under the Federal Rules of Civil Procedure and the type of relief that is appropriate for this stage of the litigation. Such is evident

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

by the fact that Defendant inappropriately asks the Court to weigh evidence, when all that is necessary for Plaintiffs at this juncture is to allege facts sufficient to state a claim for relief that is plausible on its face.  Again, we are not at the summary judgment stage. A 12(b)(6) motion concerns only the pleadings, and it cannot be said that all of Plaintiffs' claims will necessarily fail no matter what facts are proved.  Accordingly, Plaintiffs' respectfully request that Defendant PSE's motion be denied in its entirety or, as an alternative, that Plaintiffs be granted leave to amend their Complaint.

Date: April 27, 2015.                         STEWART, WALD & McCULLEY, L.L.C.


                                              By  /s/ Thomas S. Stewart
                                                  Thomas S. Stewart
                                                  Elizabeth McCulley
                                                  9200 Ward Parkway
                                                  Suite 550
                                                  Kansas City, MO 64114
                                                  Telephone:    (816) 303-1500
                                                  Facsimile:    (816) 5278068
                                                  stewart@swm.legal
                                                  mcculley@swm.legal

                                                  AND

                                                  RODGERS DEUTSCH & TURNER, P.L.L.C.
                                                  Daryl A. Deutsch, WSBA No. 11003
                                                  Rodgers Deutsch & Turner, P.L.L.C.
                                                  3 Lake Bellevue Dr. Suite 100
                                                  Bellevue, WA  98005
                                                  Telephone    (425) 455-1110
                                                  Facsimile    (425) 455-1626
                                                  daryl@rdtlaw.com

                                                  **ATTORNEYS FOR PLAINTIFFS**

Plaintiffs' Brief In Opposition to Defendant Puget Sound
Energy's Motion to Dismiss - 2:15-cv-00358-JCC - Page 14

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

## CERTIFICATE OF SERVICE

I hereby certify that on the 27th day of April 2015, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

Andrew W Marcuse
David J. Hackett
Peter G. Ramels
King County Prosecuting Attorney, Civil Division
500 4th Avenue, Suite 900
Seattle, WA 98104-5039
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
pete.ramels@kingcounty.gov
ATTORNEYS FOR DEFENDANT
KING COUNTY

James Breitenbucher
Blake Marks-Dias
RIDDELL WILLIAMS
1001 Fourth Avenue, Suite 4500
Seattle, WA  98154-1192
jbreitenbucher@riddellwilliams.com
bmarksdias@riddellwilliams.com
ATTORNEYS FOR DEFENDANT
PUGET SOUND ENERGY

Desmond L. Brown
Loren Armstrong
401 S. Jackson Street
Seattle, WA  98104
Desmond.brown@soundtransit.org
Loren.armstrong@soundtransit.org
ATTORNEY FOR DEFENDANT
CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY (SOUND TRANSIT)

VAN NESS FELDMAN, LLP
Dale N. Johnson
2025 First Avenue, Suite 500
Seattle, WA  98121-3140
dnj.vnf.com
ATTORNEY FOR DEFENDANT
CASCADE WATER ALLIANCE

_/s/ Thomas S. Stewart_

Plaintiffs' Brief In Opposition to Defendant Puget Sound
Energy's Motion to Dismiss - 2:15-cv-00358-JCC - Page 15