The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | | |
|---|---|---|
| JOSEPH A. IOPPOLO; DAVID MCCRAY and SALLY MCCRAY, husband and wife; SCOTT KASEBURG and KATHRYN KASEBURG, husband and wife; CAR LOT LLC, a Washington limited liability company; FLOOR CRAFT BUILDING LLC, a Washington limited liability company; FREY REED BUILDING LLC, a Washington limited liability company; and WOODINVILLE LANDING LLC, a Washington limited liability company, for themselves and a Class of Similarly Situated Plaintiffs,<br><br>Plaintiffs,<br><br>vs.<br><br>PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation, KING COUNTY, a political subdivision of the State of Washington; CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation; and CASCADE WATER ALLIANCE, a municipal corporation,<br><br>Defendants. | ) | No. 15-cv-00358 JCC<br><br>CONSOLIDATED REPLY OF DEFENDANTS PORT OF SEATTLE, KING COUNTY, and SOUND TRANSIT IN SUPPORT OF THEIR MOTION TO DISMISS PLAINTIFFS' COMPLAINT FOR FAILURE TO SATISFY RCW 4.96.020 |

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

Plaintiffs' three arguments in opposition to the Defendants' motion to dismiss are without merit. First, RCW 4.96.020 is not optional, and Plaintiffs provide no support for their policy-based argument that they are excused from the statute's mandatory provisions. Second, each moving defendant[1] complied with the statute, having recorded both the identity and address of its agent-for-service with the King County Auditor. Finally, Plaintiffs cannot avoid the statute's pre-suit notice requirement simply by re-labeling their conversion-based claim for unjust enrichment as an equitable "quasi-contract" claim; because Plaintiffs' claim is based on a tort, pre-suit notice to the Port was mandatory.

**A. Plaintiffs' Compliance with RCW 4.96.020 is Both Possible and Required.**

Plaintiffs argue that the Court should excuse their failure to comply with RCW 4.96.020, arguing compliance is impossible for Plaintiffs' proposed class action. But the statute contains no exception to the notice requirement for class action lawsuits. The pre-filing requirements broadly "apply to claims for damages against all local governmental entities" regardless of how a later lawsuit might be structured. RCW 4.96.020(1). The statute requires that "<u>all</u> claims for damages must be presented" to a local government prior to a court filing. *Id.* at § (3) (emphasis added). Plaintiffs' claim that RCW 4.96.020 is limited to "comparatively minor claims" finds no support in the statute or case law. Likewise, no provision in the statute exempts putative class actions from the pre-filing requirements. *See TracFone Wireless, Inc. v. Washington Dep't of Revenue*, 170 Wn.2d 273, 297, 242 P.3d 810 (2010) (When construing a statute, to "avoid the statute's plain language would require some language of exemption or exception.").

Plaintiffs are correct that compliance with RCW 4.96.020 is more than a matter of quick

[1] King County, Central Puget Sound Regional Transit Authority ("Sound Transit"), and Port of Seattle ("Port").

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

paperwork. As with the similar Federal Tort Claims Act ("FTCA"), compliance with RCW 4.96.020 requires each individual claimant who later desires to be part of a class action to file a separate tort claim. *See Arctic Slope Native Ass'n, Ltd. v. Sebelius*, 583 F.3d 785, 794 (Fed. Cir. 2009) ("[I]n class actions brought under [FTCA], the courts have uniformly held that a district court does not have jurisdiction over asserted class members who have not complied with the FTCA's administrative claim presentment requirements, and that the court lacks power to include those parties in the certified class."); *see also In re Agent Orange Prod. Liability Litig.*, 818 F.2d 194, 198 (2nd Cir. 1987) ("It is well established that neither the district court nor this Court has jurisdiction over a Federal Tort Claims class action where, as here, the administrative prerequisites of suit have not been satisfied by or on behalf of each individual claimant."); *Caidin v. United States*, 564 F.2d 284, 286-87 (9th Cir. 1977) (claim filed on behalf of class insufficient because claimant lacked evidence he had legal authority to file on behalf of each class member). In filing "a class action under the Tort Claims Act, each class member must satisfy the jurisdictional prerequisites of the statute, including the timely filing of an administrative claim." 14 Charles A. Wright, et al., *Federal Practice & Procedure* (3rd ed. 2009) § 3658.

Analysis of the Washington statute leads to the same conclusion as under the FTCA: each putative class member must file a claim under RCW 4.96.020. One purpose of the claim filing statute is to allow local governments to investigate and remedy any potential claims prior to or in lieu of judicial action. *Medina v. Pub. Util. Dist. No. 1 of Benton County*, 147 Wn.2d 303, 310, 53 P.3d 993 (2002). A local government can neither investigate nor settle claims made on behalf of unknown class members.

Plaintiffs' route to compliance with RCW 4.96.020 is straightforward and operates the

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

same as any other claim: plaintiffs and any proposed class member must file an individual, conforming tort claim and wait 60 days *before* filing suit. As with FTCA compliance, there is nothing "not possible" about this task.[2] Because plaintiffs have not complied with Washington's pre-filing tort claim statute, their tort claims against Defendants must be dismissed.

**B. Plaintiffs' Scope of Authority Argument Has No Merit.**

Under RCW 4.96.020(4), "[n]o action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity**,** for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim has first been presented to the agent of the governing body thereof." *Id.* (emphasis added). Focusing on the "acting in such capacity" language and without citing any authority, Plaintiffs argue that RCW 4.96.020 can be used as a "defense" only when a local government shows that "they acted within their authority when they committed the wrongful acts." Response at 6 (Dkt. 34). Plaintiffs are wrong on several levels.

First, as a matter of statutory construction, "acting in such capacity" is a limitation on "officers, employees, or volunteers," not on the local government entity itself. Plaintiffs have sued only the government entities. For better or worse, King County and the other government entities in this action always act in their capacity as government entities; they can act as nothing else.

Second, Plaintiffs' complaint is brought against each government entity for actions taken by the entity. *See* Complaint. If Plaintiffs dispute whether the various governmental entities

---

[2] Claimants may attach extra pages to tort claim forms. This should be sufficient to address plaintiffs' space concerns. *See* Response at 2-3 (Dkt. No. 34).

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

have committed any torts in their capacities as governments, then dismissal is the appropriate remedy.

Finally, RCW 4.96.020 is not properly understood as a "defense," but – as stated in the statute – is "a condition precedent to the commencement of any action claiming damages" against the government. RCW 4.96.010(1); *see also Mason v. United States*, No. C14–217 MJP, 2015 WL 541432 (W.D. Wash. Feb. 10, 2015) (dismissing state claims under Washington law for lack of subject matter jurisdiction based on this statutory language). As with the FTCA, it is part of Washington's conditional waiver of sovereign immunity and Plaintiffs' compliance is necessary for this Court's jurisdiction over the lawsuit.

**C. Plaintiffs' Entity-Specific Arguments are Without Merit.**

**1. Plaintiffs' Claims Against King County Require Dismissal.**

In their original response, Plaintiffs conceded that their tort claims were barred due to non-compliance with Washington's pre-filing tort claims statute. (*See* Dkt. 33). The amended response Plaintiffs filed later that same day (Dkt. 34) likewise did not identify any cogent response to King County's assertion that Plaintiffs were required to serve King County with pre-suit notices. Plaintiffs' claims against King County should be dismissed.[3]

**2. Plaintiffs' Claims Against Sound Transit Require Dismissal.**

**a. Sound Transit's Notice Recorded with King County Auditor Satisfied RCW 4.96.020.**

Plaintiffs' argument that Sound Transit failed to comply with the statute is based on the mistaken notion that the statute requires Sound Transit to name a specific individual with the

[3] King County also agrees with the arguments advanced by the Port and Sound Transit against plaintiffs' position, but none of plaintiffs' arguments against the Port and Sound Transit were advanced against the County.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

county auditor, but this requirement simply does not exist in the statute. RCW 4.96.020(2) provides as follows:

> (2) The governing body of each local governmental entity shall appoint an agent to receive any claim for damages made under this chapter. The identity of the agent and the address where he or she may be reached during the normal business hours of the local governmental entity are public records and shall be recorded with the auditor of the county in which the entity is located . . . .

RCW 4.96.020(2).

The statute requires only that Sound Transit identify the agent, not that Sound Transit identify the agent *by name*, as Plaintiffs argue. In Washington, agents authorized to receive service and notice are frequently not specific individuals identified by name. *See, e.g.*, RCW 23B.05.010 (registered agents for corporations, whose responsibilities include accepting service of process, can be individuals or a variety of types of businesses so long as the agent is located at the address provided). All that matters is whether a claimant can look at the document filed with the auditor and from that document determine (1) to whom a claim should be addressed (here, "Sound Transit's Board Administrator") and (2) the address where it should be sent. That information is contained in the document Sound Transit filed with the auditor.[4]

**b. Sound Transit Was not Required to Strictly Comply With the Filing Requirement.**

If the Court determines that Sound Transit did not strictly comply with the information required to be filed with the auditor, such compliance was not required to begin with. RCW 4.96.020(5) does not require strict compliance. Instead, it allows, "[w]ith respect to the content

---

[4] In fact, Sound Transit's designated agent under RCW 4.96.020 is the same agent Sound Transit separately appointed to serve as its agent for service of process. *See* Dkt. No. 28 (Decl. of Kathryn Flores) at ¶ 4 (the Sound Transit Board of Directors, through the two identified resolutions, designated the Board Administrator to receive claims and service of process) and Dkt. No. 34-2 (Sound Transit's Notice of Identity of Agent, which was filed with the King County Auditor, and which was attached to Plaintiffs' Amended Response) (stating the Identity of the Agent is the Board Administrator).

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory." RCW 4.96.020(5) (emphasis added).

Sound Transit's filing with the King County Auditor identifies to whom a claim should be mailed (or served), the Board Administrator, and the address where the claim should be mailed (or served). If Sound Transit did not strictly comply with the statutory requirement Sound Transit nonetheless substantially complied with the requirement.

The two cases on which Plaintiffs rely are inapposite; they were decided under a earlier, materially different, version of the statute. In *Estate of Connelly v. Snohomish County Pub. Util. Dist. No. 1*, 145 Wn. App. 941, 187 P.3d 842 (2008), the local government failed to appoint an agent and identify the agent in a filing with the county auditor. In other words, the municipality utterly failed to provide the information from which a claimant could determine where a claim should be mailed and to whom it should be addressed. In *Mavis v. King County Pub. Hosp. No. 2*, 159 Wn. App. 639, 248 P.3d 558 (2011), the local government appointed an agent, but then identified a different agent in its filing with the auditor. Again, the government failed to provide the information upon which a claimant could determine where a claim should be mailed and to whom it should be addressed.

Plaintiffs do not refer to the version of the law on which both decisions were decided, which the Legislature significantly changed in 2009. Specifically, in RCW 4.96.020, the Legislature added section (5), which provides in its entirety: "With respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory." RCW

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

4.96.020(5) (emphasis added).[5] *Estate of Connelly* was decided before the new Section 5 was added; the facts underlying the decision in *Mavis* occurred prior to Section 5 being added to the statute and the Court of Appeals noted that it was not applying the revisions retroactively. *See Mavis*, 159 Wn. App. at 645 n.2 ("In this case, the applicable statute is the former version . . . ."). Whether or not the local government would have been found to be in compliance based on a "liberal constru[ction]" of the statute is unknown and immaterial; their holdings that local governments must "strictly comply" with RCW 4.96.020 were based on the prior version of the statute and do not reflect the requirements of the current statute.

Here, a "liberal constru[ction]" of the requirement to record the "[i]dentity of the agent" permits Sound Transit to identify the agent by title rather than name. Sound Transit complied with the statute.

**3. Plaintiffs' Claims Against the Port Should Be Dismissed.**

**a. The Port Complied With RCW 4.96.020.**

Plaintiffs argue that the Port is in violation of the statute because the notice it filed with the King County Auditor does not include the Port's normal business hours. But the statute plainly does not require that the Port's notice contain its normal business hours. RCW 4.96.020(2) requires only that, "[t]he identity of the agent and the address where he or she may be reached during the normal business hours of the local government entity . . . shall be recorded with the auditor of the county in which the entity is located." *Id.* (emphasis added). This section is unambiguous. It requires the Port to file two pieces of information: (1) the identity of the agent, and (2) the address where he or she may be reached during normal business hours. There

[5] *See* Laws of 2009, ch. 433 (Effective Date 7/26/09), a copy of which is attached to the Declaration of Loren Armstrong in Support of Defendants' Consolidated Reply Brief in Support of Defendants' Motion to Dismiss.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

is no requirement that the notice on file with the Auditor contain the Port's normal business hours.

The Port's notice on file with the King County Auditor includes the required information, identifying Jeff Hollingsworth, Risk Manager, as its agent, and stating that "[t]he address for said agent is: 2711 Alaskan Way[,] Seattle, WA 98121. Hollingsworth Dec. (Dkt. 24-1), Ex. A.[6]

To support their argument that the Port must list its business hours in its filing, Plaintiffs rely on a different subsection of the statute that has nothing to do with the recording requirement. RCW 4.96.020(3) permits municipal corporations to draft their own notice of claims forms. RCW 4.96.020(3)(c) sets out the information the form must include, not what the Port must file with the auditor. That subsection requires that if the local government creates its own notice of claim (rather than relying upon the standard form), the form, "[m]ust include instructions on how the form is to be presented and the name, address, and business hours of the agent of the local governmental entity appointed to receive the claim." *Id.*

The Port's notice of claim form – available via the Port's website and elsewhere,– contains the statutorily-required information, including the Port's business hours: "Monday through Friday 8:00 a.m. to 4:30 pm. Closed on weekends and holidays." Declaration of Kristin Ballinger filed herewith, Ex. A. The Port is fully compliant with RCW 4.96.020.

**b. Plaintiffs' Claim for Unjust Enrichment Sounds in Tort and Should Be Dismissed.**

Plaintiffs argue that they were not required to submit a notice of claim to the Port as a condition precedent to filing their claim for unjust enrichment, arguing that their unjust enrichment claim should be characterized as an equitable "contract in law" or "quasi contract"

---

[6] Plaintiffs attached an earlier – 2001 – version of the Port's notice as Exhibit C to their Amended Response (Dkt. No. 34-3). That version, too, contains the required content. *Id.*

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

claim. The Washington Supreme Court has held, however, that unjust enrichment claims are not equitable claims arising solely out of the law of contracts; they are much broader. *Young v. Young*, 164 Wn. 2d 477, 486, 191 P.3d 1258 (2008) ("In sum, 'unjust enrichment' is founded on notions of justice and equity whereas 'quantum meruit' is founded in the law of contracts, a legally significant distinction.").

Claims for unjust enrichment can be founded either on the law of contracts or the law of torts, depending on the facts underlying it. *See, e.g., Robinson v. Colorado State Lottery Div.*, 179 P.3d 998 (Colo. 2008) ("the scope of the [unjust enrichment] remedy is broad, cutting across both contract and tort law, with its application guided by the underlying principal of avoiding the unjust enrichment of one party at the expense of a other"); *Cross v. Berg Lumber Co.* 7 P.3d 922 (Wyo. 2000) ("[i]n modern terms, an action for assumpsit [*i.e.* unjust enrichment] is not technically a waiver of tort, but rather it is the choice of one of two alternative remedies"). As the Seventh Circuit explained in *Cleary v. Philip Morris Inc.*, 656 F.3d 511, 517 (7th Cir. 2011):

> Unjust enrichment is a common-law theory of recovery or restitution that arises when the defendant is retaining a benefit to the plaintiff's detriment, and this retention is unjust. What makes the retention of the benefit unjust is often due to some improper conduct by the defendant. And usually this improper conduct will form the basis of another claim against the defendant in tort, contract, or statute.[] So, if an unjust enrichment claim rests on the same improper conduct alleged in another claim, then the unjust enrichment claim will be tied to this related claim—and, of course, unjust enrichment will stand or fall with the related claim. *See, e.g., Ass'n Benefit Servs. v. Caremark Rx, Inc.*, 493 F.3d 841, 855 (7th Cir.2007) ("[W]here the plaintiff's claim of unjust enrichment is predicated on the same allegations of fraudulent conduct that support an independent claim of fraud, resolution of the fraud claim against the plaintiff is dispositive of the unjust enrichment claim as well.").

*Id.*

The Restatement (Third) of Restitution and Unjust Enrichment addresses the precise kind of tort-based unjust enrichment claim that Plaintiffs have filed, making it clear it arises out of

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

tort. Section 5, Topic 1 – which is titled "Benefits Acquired by Tort or Other Breach of Duty" – contains the following introduction:

> Because restitution is concerned only with profitable wrongs, the violations that may serve as the basis of a claim to recover unjust enrichment consist for the most part of wrongful interference with rights to property (broadly defined). Property rights are infringed by certain wrongs classified as torts (§§40-42) and by wrongs that are equitable in nature, involving a breach of duty imposed by a fiduciary or confidential relations (§ 43).

*Id.* (emphasis added). Restatement § 40, in turn, provides:

**Trespass, Conversion, and Comparable Wrongs**

> A person who obtains a benefit by an act of trespass or conversion, by comparable interference with other protected interests in tangible property, or in consequence of such an act by another, is liable in restitution to the victim of the wrong.

*Id.*

Leading commentators agree. Dan B. Dobbs, *The Law of Torts* § 644 (2d ed. 2011), describes unjust enrichment as follows:

> Older cases described [an unjust enrichment] claim as one based on implied in law contract or quasi-contract, or as cases in assumpsit. Such actions were "at law" rather than in equity, although if the plaintiff sought a constructive trust or other remedy traditionally considered to be equitable, the action would be in equity. Contemporary cases more straightforwardly say the claim is for restitution of the defendant's gains or for the defendant's unjust enrichment …. The unjust enrichment claim is, on the surface, merely one remedy for the tort. Older cases as least sometimes took the implied contract metaphor literally, treating the claim as one in contract and subject to contract rules, including the statute of limitations. Courts today have resisted such limitation in the absence of special reasons to adopt them.

*Id.* (emphasis added). Another commentator describes such a claim similarly:

> [T]here has developed the doctrine that where the commission of a tort results in the unjust enrichment of the defendant at the plaintiff's expense, the plaintiff may disregard, or 'waive' the tort action, and sue instead on a theoretical and fictitious contract of restitution of the benefits which the defendant has so received. "Waiver" of the tort is an unfortunate term, since the quasi-contract action itself is still based on the tort, and there is merely an election between alternative, co-existing remedies."

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

*Robinson*, 179 P.3d at 1007 n.8 (*citing* Prosser, *Law of Torts*, 672-73 (5th ed. 1984)) (emphasis added).

Plaintiffs' unjust enrichment claim arises out of, and seeks a remedy based on, the Port's alleged conversion of Plaintiffs' property. *See, e.g.*, Complaint ¶ 94 (Dkt. 18-1) ("The Port never acquired fee ownership of any kind or character in Plaintiffs' property but acted as if they did and granted illegal easement rights to PSE and Sound Transit and entered into agreements with King County and Cascade purportedly allowing them to utilize Plaintiffs' fee ownership in the subsurface and aerial rights for utility and other purposes."); *id.* ¶ 95 ("The Port has illegally and with no authority whatsoever . . . granted easement rights to the other Defendants without consent or authorization from the Plaintiffs.").

Plaintiffs even seek "damages for the value of the subsurface and aerial rights obtained by the Port for any payments made by any other Defendant to the Port or any other utility or entity,"—the traditional type of remedy for a tort claim for conversion. *Id.* ¶ 99. Because their claim is, at its core, a tort claim seeking the remedy of unjust enrichment, they cannot avoid Washington's Notice of Claim statute.

Further, a fundamental purpose of RCW 4.96.020 is to allow municipal entities time to investigate, evaluate, and settle claims before they are sued. *Medina*, 147 Wn.2d at 310. If plaintiffs could avoid this condition by simply dressing their tort claims in different clothes, it would undermine the statute's fundamental purpose and gut this mandatory waiting period.

Plaintiffs' unjust enrichment claim sounds in, and is based on, a tort claim for conversion. Plaintiffs were required to serve a notice of claim on the Port before filing their complaint. Because they did not, dismissal is mandatory.



**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

**D.  Plaintiffs' Argument That the Court May Only Grant or Deny Defendants' Motion in Its Entirety Is Without Merit.**

Finally, Plaintiffs argue that the Court may only grant or deny Defendants' motion in its entirety. This argument is without merit. The Court clearly has the discretion and power to grant partial relief should it deem it appropriate to do so.

For the reasons set forth herein, Defendants respectfully request that the Court dismiss Plaintiffs' claims.

DATED this 1st day of May, 2015.

        DANIEL T. SATTERBERG
        King County Prosecuting Attorney

        By: *s/ David J. Hackett*
        DAVID HACKETT, WSBA #21236
        Senior Deputy Prosecuting Attorney
        King County Prosecuting Attorney's Office
        500 Fourth Ave., 9th Floor
        Seattle, WA.  98104
        Telephone: (206) 296-8820 / Fax: (206) 296-8819
        Email:  david.hackett@kingcounty.gov

        CALFO HARRIGAN LEYH & EAKES, LLP

        By: *s/Randall Thomsen*
        Timothy G. Leyh, WSBA#14853
        Randall Thomsen, WSBA#25310
        Kristin Ballinger, WSBA#28253
        999 Third Avenue, Suite 4400
        Seattle, WA  98104
        Telephone:  (206) 623-1700
        Fax:  (206) 623-8717
        timl@calfoharrigan.com
        randallt@calfoharrigan.com
        kristinb@calfoharrigan.com

        Attorneys for Defendant Port of Seattle

CONSOLIDATED REPLY OF DEFENDANTS
IN SUPPORT OF THEIR MOTION TO DISMISS
(15-cv-00358 JCC) - 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

SOUND TRANSIT

By: *s/ Loren Armstrong*
Loren Armstrong, WSBA #33068
Attorney for Defendand, Sound Transit
401 S. Jackson Street
Seattle, WA. 98104
Telephone: (206) 398-5212 / Fax: (206) 398-5222
Email: loren.armstrong@soundtransit.org

CONSOLIDATED REPLY OF DEFENDANTS IN SUPPORT OF THEIR MOTION TO DISMISS (15-cv-00358 JCC) - 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

**DECLARATION OF FILING AND SERVICE**

I hereby certify that on May 1, 2015, I electronically filed the foregoing motion, the Declaration of Kristin Ballinger, the Declaration of Loren Armstrong with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daryl A. Deutsch, WSBA # 11003
Attorney for Plaintiff
Rodgers, Deutsch & Turner, PLLC
Three Lake Bellevue Drive, Suite 100
Bellevue, WA 98005
Email: daryl@rdtlaw.com

Thomas S. Stewart
Elizabeth McCulley
Attorneys for Plaintiff
STEWART WALD & MCCULLEY
9200 Ward Parkway, Suite 550
Kansas City, MO 641114
stewart@swm.legal
mcculley@swm.legal

Timothy G. Leyh, WSBA #14853
Randall Thomsen, WSBA #25310
Kristin Ballinger, WSBA #28253
Attorneys for Port of Seattle
Calfo, Harrigan, Leyh & Eakes, LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
timl@calfoharrigan.com
randallt@calfoharrigan.com
Kristinb@calfoharrigan.com

Blake Marks-Dias, WSBA #28169
James E. Breitenbucher, WSBA #27670
Attorneys for Puget Sound Energy
Riddell Williams PS
1001 – 4th Avenue, Suite 4500
Seattle, WA 98154-1065
bmarksdias@riddellwilliams.com
jbreitenbucher@riddellwilliams.com

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819

Desmond L Brown
Loren G Armstrong
Attorneys for Sound Transit
401 S Jackson St
Seattle, WA 98104-2826
desmond.brown@soundtransit.org
loren.armstrong@soundtransit.org

Dale N. Johnson
Attorneys for Defendants Cascade Water Alliance
Van Ness Feldman LLP
2025 First Avenue, Suite 500
Seattle, WA 98121-3140

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 1st day of May, 2015 at Seattle, Washington.

*s/ Ruth Leers*
Ruth Leers, Legal Secretary
King County Prosecuting Attorney's Office

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430 Fax (206) 296-8819