HONORABLE JOHN C. COUGHENOUR

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH A. IOPPOLO; DAVID MCCRAY AND SALLY MCCRAY, husband and wife; SCOTT KASEBURG AND KATHRYN KASEBURG, husband and wife; CAR LOT LLC, a Washington limited liability company; FLOOR CRAFT BUILDING LLC, a Washington limited liability company; and WOODINVILLE LANDING LLC, a Washington limited liability company, for themselves and a Class of Similarly Situated Plaintiffs,

Plaintiffs,

v.

PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation; KING COUNTY, a home rule charter county; CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation; and CASCADE WATER ALLIANCE, a municipal corporation,

Defendants.

No. 2: 15-CV-00358-JCC

DECLARATION OF LOREN ARMSTRONG IN SUPPORT OF DEFENDANTS' CONSOLIDATED REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS

I, Loren Armstrong, declare as follows:

1. I have personal knowledge of the facts contained herein; I am over the age of eighteen; and I am competent to testify thereto.

CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

2. I am a Senior Legal Counsel for Defendant Sound Transit, and have appeared in this action on behalf of Sound Transit.

3. Attached hereto as Exhibit No. 1 is a true and correct copy of Engrossed Substitute House Bill 1553, Chapter 433, Laws of 2009 (Effective Date 7/26/09), which was signed into law by Governor Christine Gregoire in 2009.

I declare under penalty of perjury under the laws of the State of Washington that the foregoing is true and correct to the best of my knowledge.

Dated this 29th day of April, 2015 at Seattle, Washington.

By: ______________________
Loren Armstrong, WSBA No. 33068

DECLARATION OF LOREN ARMSTRONG IN SUPPORT OF DEFENDANTS' CONSOLIDATED REPLY BRIEF IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS - 2

CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY
401 S. JACKSON STREET
SEATTLE, WASHINGTON 98104
TELEPHONE: (206) 398-5000
FACSIMILE: (206) 398-5499

CERTIFICATION OF ENROLLMENT

**ENGROSSED SUBSTITUTE HOUSE BILL 1553**

Chapter 433, Laws of 2009

61st Legislature
2009 Regular Session

CLAIMS AGAINST THE STATE AND LOCAL GOVERNMENTS

EFFECTIVE DATE: 07/26/09

Passed by the House April 24, 2009
Yeas 93 Nays 0

FRANK CHOPP

**Speaker of the House of Representatives**

Passed by the Senate April 22, 2009
Yeas 35 Nays 12

BRAD OWEN

**President of the Senate**

Approved May 11, 2009, 2:37 p.m.

CHRISTINE GREGOIRE

**Governor of the State of Washington**

CERTIFICATE

I, Barbara Baker, Chief Clerk of the House of Representatives of the State of Washington, do hereby certify that the attached is **ENGROSSED SUBSTITUTE HOUSE BILL 1553** as passed by the House of Representatives and the Senate on the dates hereon set forth.

BARBARA BAKER

**Chief Clerk**

FILED

May 11, 2009

**Secretary of State**
**State of Washington**

EXHIBIT 1

**ENGROSSED SUBSTITUTE HOUSE BILL 1553**

AS AMENDED BY THE SENATE

Passed Legislature - 2009 Regular Session

**State of Washington** **61st Legislature** **2009 Regular Session**

**By** House Judiciary (originally sponsored by Representatives Takko, Goodman, Williams, Hurst, Pedersen, and Campbell)

READ FIRST TIME 02/17/09.

AN ACT Relating to claims for damages against the state and local governmental entities; and amending RCW 4.96.020, 4.92.100, and 4.92.110.

BE IT ENACTED BY THE LEGISLATURE OF THE STATE OF WASHINGTON:

**Sec. 1.** RCW 4.96.020 and 2006 c 82 s 3 are each amended to read as follows:

(1) The provisions of this section apply to claims for damages against all local governmental entities and their officers, employees, or volunteers, acting in such capacity, except that claims involving injuries from health care are governed solely by the procedures set forth in chapter 7.70 RCW and are exempt from this chapter.

(2) The governing body of each local governmental entity shall appoint an agent to receive any claim for damages made under this chapter. The identity of the agent and the address where he or she may be reached during the normal business hours of the local governmental entity are public records and shall be recorded with the auditor of the county in which the entity is located. All claims for damages against a local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, shall be

presented to the agent within the applicable period of limitations within which an action must be commenced. A claim is deemed presented when the claim form is delivered in person or is received by the agent by regular mail, registered mail, or certified mail, with return receipt requested, to the agent or other person designated to accept delivery at the agent's office. The failure of a local governmental entity to comply with the requirements of this section precludes that local governmental entity from raising a defense under this chapter.

(3) ((~~All claims for damages arising out of tortious conduct must locate and describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. If the claimant is incapacitated from verifying, presenting, and filing the claim in the time prescribed or if the claimant is a minor, or is a nonresident of the state absent therefrom during the time within which the claim is required to be filed, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.~~)) For claims for damages presented after the effective date of this section, all claims for damages must be presented on the standard tort claim form that is maintained by the risk management division of the office of financial management, except as allowed under (c) of this subsection. The standard tort claim form must be posted on the office of financial management's web site.

(a) The standard tort claim form must, at a minimum, require the following information:

(i) The claimant's name, date of birth, and contact information;

(ii) A description of the conduct and the circumstances that brought about the injury or damage;

(iii) A description of the injury or damage;

(iv) A statement of the time and place that the injury or damage occurred;

(v) A listing of the names of all persons involved and contact information, if known;

(vi) A statement of the amount of damages claimed; and

(vii) A statement of the actual residence of the claimant at the time of presenting the claim and at the time the claim arose.

(b) The standard tort claim form must be signed either:

(i) By the claimant, verifying the claim;

(ii) Pursuant to a written power of attorney, by the attorney in fact for the claimant;

(iii) By an attorney admitted to practice in Washington state on the claimant's behalf; or

(iv) By a court-approved guardian or guardian ad litem on behalf of the claimant.

(c) Local governmental entities shall make available the standard tort claim form described in this section with instructions on how the form is to be presented and the name, address, and business hours of the agent of the local governmental entity. If a local governmental entity chooses to also make available its own tort claim form in lieu of the standard tort claim form, the form:

(i) May require additional information beyond what is specified under this section, but the local governmental entity may not deny a claim because of the claimant's failure to provide that additional information;

(ii) Must not require the claimant's social security number; and

(iii) Must include instructions on how the form is to be presented and the name, address, and business hours of the agent of the local governmental entity appointed to receive the claim.

(d) If any claim form provided by the local governmental entity fails to require the information specified in this section, or incorrectly lists the agent with whom the claim is to be filed, the local governmental entity is deemed to have waived any defense related to the failure to provide that specific information or to present the claim to the proper designated agent.

(e) Presenting either the standard tort claim form or the local government tort claim form satisfies the requirements of this chapter.

(f) The amount of damages stated on the claim form is not admissible at trial.

(4) No action subject to the claim filing requirements of this section shall be commenced against any local governmental entity, or against any local governmental entity's officers, employees, or volunteers, acting in such capacity, for damages arising out of

tortious conduct until sixty calendar days have elapsed after the claim has first been presented to ((~~and filed with~~)) the agent of the governing body thereof. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty((~~-~~)) calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

(5) With respect to the content of claims under this section and all procedural requirements in this section, this section must be liberally construed so that substantial compliance will be deemed satisfactory.

**Sec. 2.** RCW 4.92.100 and 2006 c 82 s 1 are each amended to read as follows:

(1) All claims against the state, or against the state's officers, employees, or volunteers, acting in such capacity, for damages arising out of tortious conduct, except for claims involving injuries from health care, shall be presented to ((~~and filed with~~)) the risk management division. ((~~All such claims shall be verified and shall accurately describe the conduct and circumstances which brought about the injury or damage, describe the injury or damage, state the time and place the injury or damage occurred, state the names of all persons involved, if known, and shall contain the amount of damages claimed, together with a statement of the actual residence of the claimant at the time of presenting and filing the claim and for a period of six months immediately prior to the time the claim arose. If the claimant is incapacitated from verifying, presenting, and filing the claim or if the claimant is a minor, or is a nonresident of the state, the claim may be verified, presented, and filed on behalf of the claimant by any relative, attorney, or agent representing the claimant.~~)) Claims involving injuries from health care are governed solely by the procedures set forth in chapter 7.70 RCW and are exempt from this chapter. A claim is deemed presented when the claim form is delivered in person or by regular mail, registered mail, or certified mail, with return receipt requested, to the risk management division. For claims for damages presented after the effective date of this section, all claims for damages must be presented on the standard tort claim form

that is maintained by the risk management division. The standard tort claim form must be posted on the office of financial management's web site.

(a) The standard tort claim form must, at a minimum, require the following information:

(i) The claimant's name, date of birth, and contact information;

(ii) A description of the conduct and the circumstances that brought about the injury or damage;

(iii) A description of the injury or damage;

(iv) A statement of the time and place that the injury or damage occurred;

(v) A listing of the names of all persons involved and contact information, if known;

(vi) A statement of the amount of damages claimed; and

(vii) A statement of the actual residence of the claimant at the time of presenting the claim and at the time the claim arose.

(b) The standard tort claim form must be signed either:

(i) By the claimant, verifying the claim;

(ii) Pursuant to a written power of attorney, by the attorney in fact for the claimant;

(iii) By an attorney admitted to practice in Washington state on the claimant's behalf; or

(iv) By a court-approved guardian or guardian ad litem on behalf of the claimant.

(c) The amount of damages stated on the claim form is not admissible at trial.

(2) The state shall make available the standard tort claim form described in this section with instructions on how the form is to be presented and the name, address, and business hours of the risk management division. The standard tort claim form must not list the claimant's social security number and must not require information not specified under this section.

(3) With respect to the content of ((~~such~~)) claims under this section and all procedural requirements in this section, this section ((~~shall~~)) must be liberally construed so that substantial compliance will be deemed satisfactory.

**Sec. 3.** RCW 4.92.110 and 2006 c 82 s 2 are each amended to read as follows:

No action subject to the claim filing requirements of RCW 4.92.100 shall be commenced against the state, or against any state officer, employee, or volunteer, acting in such capacity, for damages arising out of tortious conduct until sixty calendar days have elapsed after the claim is presented to ((~~and filed with~~)) the risk management division. The applicable period of limitations within which an action must be commenced shall be tolled during the sixty((-)) calendar day period. For the purposes of the applicable period of limitations, an action commenced within five court days after the sixty calendar day period has elapsed is deemed to have been presented on the first day after the sixty calendar day period elapsed.

Passed by the House April 24, 2009.
Passed by the Senate April 22, 2009.
Approved by the Governor May 11, 2009.
Filed in Office of Secretary of State May 11, 2009.