The Honorable John C. Coughenour

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| JOSEPH A. IOPPOLO; *et al.*,<br><br>           Plaintiffs,<br><br>   v.<br><br>PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation, KING COUNTY, a political subdivision of the State of Washington; CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation; and CASCADE WATER ALLIANCE, a municipal corporation,<br><br>           Defendants. | No.  2:15-cv-00358-JCC<br><br>**PUGET SOUND ENERGY'S REPLY IN SUPPORT OF ITS MOTION TO DISMISS**<br><br>NOTED ON MOTION CALENDAR:<br><br>MAY 1, 2015 |

In response to PSE's motion to dismiss, the plaintiffs fail to identify any facts in their complaint that would allow the Court to reasonably infer that PSE might be liable for civil conspiracy, trespass, inverse condemnation or slander of title.  Instead, the plaintiffs rely upon naked assertions to intimate that PSE might have dug up the plaintiffs' yards and parking lots to install utilities without any of the plaintiffs even noticing.  At the same time, the plaintiffs attempt to just ignore their own allegation that PSE merely "intends to utilize" the disputed easements in the future.  (Dkt. #18-1 at ¶ 39.)  The plaintiffs, however, cannot so easily walk away from this judicial admission (which they also made in *Kaseburg*).

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1    "A claim has facial plausibility when the plaintiff pleads factual content that allows the

2    court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

3    *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).  The plaintiffs undoubtedly hope to somehow

4    monetize the quiet title issues pending in *Kaseburg*.  But regardless of how this Court decides

5    *Kaseburg*, the dearth of factual content in the complaint and the plaintiffs' own admissions that

6    PSE has not used the disputed easements preclude any reasonable inference that PSE is liable to

7    the plaintiffs for civil conspiracy, trespass, inverse condemnation or slander of title.

8    Accordingly, the complaint should be dismissed on the pleadings without leave to amend.

9        **A.    Conspiracy: Plaintiffs Fail to Explain How PSE's Actions Were Inconsistent
            with a Lawful and Honest Purpose.**

10       As an initial matter, this Court should reject the plaintiffs' contention that PSE

11   improperly cites the MOU and Easement Agreements in its motion to dismiss.  "Ninth Circuit

12   authority allows the Court to consider documents referenced extensively in the complaint,

13   documents that form the basis of plaintiff's claim, and matters of judicial notice when

14   determining whether the allegations of the complaint state a claim upon which relief can be

15   granted under Fed. R. Civ. P. 12(b)(6)."  *Calixto v. JPMorgan Chase Bank Nat'l Ass'n*, No. C13-

16   1153-RSL, 2014 WL 30192, at *1 (W.D. Wash. Jan. 3, 2014) (citing *U.S. v. Ritchie*, 342 F.3d

17   903, 908-09 (9th Cir. 2000)).

18       In this regard, the plaintiffs allege that the defendants "conspired, pursuant to the Trails

19   Act, and by and through a series of related transactions, including the Memorandum of

20   Understanding and purported easements granted by the Port to PSE and Sound Transit, to

21   commit an unlawful act to accomplish an unlawful purpose, to deprive Plaintiffs of their fee

22   ownership in the abandoned railroad corridor, including their subsurface and aerial rights."  (Dkt.

23   #18-1 at ¶ 66.)  In other words, the MOU and PSE's Easement Agreements with the Port form

24   the basis for the plaintiffs' claim that PSE engaged in a conspiracy.  Moreover, the plaintiffs

25

26

REPLY IN SUPPORT OF PSE'S MOTION TO DISMISS
(NO. 2:15-CV-00358-JCC) - 2
4838-7703-1715.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1  reference the MOU and Easement Agreements extensively in their complaint.  (*See, e.g., id.* at

2  ¶¶ 34, 35, 39, 41, 44, 59, 60, 62, 64, 66, 70, 86, 88, 94, 95, and 96.)

3       The Third Circuit case cited by the plaintiffs does not preclude this Court from

4  considering the MOU and Easement Agreements for purposes of deciding PSE's motion to

5  dismiss.  In fact, the Third Circuit case applies the same rule as the Ninth Circuit.  *See In re*

6  *Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997).  And the Ninth Circuit

7  case that the plaintiffs cite actually expands the rule so that courts may consider documents upon

8  which the complaint "necessarily relies" even if such documents are not specifically referenced.

9  *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).[1]

10      Turning to their complaint, the plaintiffs identify no allegedly conspiratorial acts by PSE

11 other than entering into the non-binding MOU and the Easement Agreements with the Port, none

12 of which is "inconsistent with a lawful or honest purpose and reasonably consistent only with the

13 existence of the conspiracy."  *John Davis & Co. v. Cedar Glen No. Four, Inc.,* 75 Wn.2d 214,

14 224, 450 P.2d 166 (1969).  In fact, when PSE entered into the MOU and the Easement

15 Agreements, the *Haggart* case on which the plaintiffs place so much reliance had not yet been

16 decided, and the correctness of the *Haggart* court's decision (which this Court noted was made

17 on an incomplete record and failed to follow Ninth Circuit precedent) remains an open issue to

18 this day.  *See Kaseburg v. Port of Seattle,* No. C14-0784-JCC, Dkt. #91 at p. 8 (W.D. Wash.

19 Apr. 23, 2015) (Order re Plaintiffs' Motion for Declaratory Judgment).

20      The Court need not conclude that the PSE is an "innocent party" to dismiss the civil

21 conspiracy claim, as the plaintiffs imply.  (Dkt. #35 at p. 5.)  Again, the Court merely needs to

22 conclude based on the facts alleged that PSE's actions were not inconsistent with a lawful and

23 honest purpose.  *See Lewis Pac. Dairymen's Ass'n v. Turner,* 50 Wn.2d 762, 772, 314 P.2d 625

24 (1957) ("Where the facts and circumstances relied upon to establish a conspiracy are as

---

25 [1] The plaintiffs also argue that they "have not quoted extensively or inaccurately from any of the documents
26 referenced within its Complaint." (Dkt. # 35 at p. 10.)  But as pointed out in PSE's motion, the complaint
   inaccurately cites to Paragraph (F) of the MOU. (Dkt. #29 at p. 6 n.2.)

REPLY IN SUPPORT OF PSE'S MOTION TO DISMISS
(NO. 2:15-CV-00358-JCC) - 3
4838-7703-1715.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1  consistent with a lawful or honest purpose as with an unlawful undertaking, they are

2  insufficient.').  The *only explanation* for the plaintiffs' objections to the Court considering the

3  MOU and Easement Agreements is that they show the following:  PSE expressed an interest in

4  the corridor for gas and electric utility purposes; PSE received a warranty from the Port that it

5  had the necessary property interests to convey such utility easements to PSE; and PSE paid the

6  Port over $13.7 million for the easements.  In other words, the only reasonable inference to be

7  drawn from the MOU and Easements Agreements is that PSE's action were not inconsistent with

8  a lawful and honest purpose.

9      Finally, the plaintiffs complain that PSE only focuses its motion to dismiss on a

10 conspiracy to defraud claim, but conspiracy to defraud is exactly what the plaintiffs attempted to

11 allege:  "**COUNT II – CONSPIRACY TO ILLEGALLY UTILIZE THE TRAILS ACT TO**

12 **DEFRAUD PLAINTIFFS OF THEIR PROPERTY RIGHTS**" (Dkt. 18-1 at p. 16.)  The

13 plaintiffs then allege that the Port and PSE entered the Easement Agreements "[i]n furtherance of

14 the conspiracy to utilize the Trails Act to defraud Plaintiffs of their property rights…" (*Id.* at

15 ¶ 62.)  Regardless, the plaintiffs cannot now save their conspiracy claim against PSE by simply

16 shifting to a different underlying claim, because the plaintiffs would never be able to prove that

17 entering the MOU and Easements Agreements were inconsistent with a lawful and honest

18 purpose.  *See Schanne v. Nationstar Mortgage, LLC*, No. C10-5753BHS, 2011 WL 5119262, at

19 *5 (W.D. Wash. Oct. 27, 2011) (dismissing conspiracy claim under Rule 12(b)(6) because

20 "Plaintiffs have failed to identify any act that is inconsistent with a lawful or honest purpose").

21      **B.      Trespass:  Plaintiffs Fail to Allege a Physical Invasion By PSE.**

22      The plaintiffs' arguments that they have adequately alleged "factual content" to support a

23 trespass claim perhaps best exemplifies why the Court should dismiss this ill-conceived lawsuit

24 on the pleadings.  In its motion, PSE relies upon the plaintiffs' allegation that "PSE intends to

25 utilize" the disputed easements in the future.  (Dkt. #18-1 at ¶ 39, *quoted in* Dkt. #29 at pp. 1, 2,

26 4, 7-8, and 11.)  Tellingly, the plaintiffs *completely ignore* this allegation in their opposition

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

brief.  Instead, the plaintiffs point their conclusory allegations in paragraph 71 of the complaint, and then double down to argue that PSE "intentionally invaded Plaintiffs' property interests by installing water and sewer pipes, underground cable, underground power lines, and/or other infrastructure in land in the railroad corridor belong to Plaintiffs[.]"  (Dkt. #35 at p. 6.)

The general allegations in Paragraph 71 made on "information and belief" do not support a reasonable inference that PSE, a gas and electric utility, installed water and sewer pipes or any other utilities on the plaintiffs' properties for several reasons.  First, the plaintiffs specifically allege elsewhere in the complaint that PSE merely "intends to utilize" the disputed easements in the future.  (Dkt. #18-1 at ¶ 39.)  Second, the plaintiffs cannot just make allegations "on information and belief" while offering no facts to support their naked assertions that PSE installed utilities on their property.  *See Blantz v. Cal. Dep't of Corrections*, 727 F.3d 917, 927 (9th Cir. 2013) ("A complaint will not survive a motion to dismiss if it 'tenders naked assertions devoid of further factual enhancement.'") (quoting *Iqbal*, 556 U.S. at 678).  Third, the plaintiffs cannot group the defendants to avoid specifying what utilities PSE allegedly installed on their properties.

For example, in *Jackson v. Nelson,* 405 F.2d 872 (9th Cir. 1968), the Ninth Circuit affirmed the dismissal of a civil rights action for failure to state a claim of relief when the complaint contained a series of broad conclusory statements unsupported by specific factual content.  In addition, the court found the individual defendants were not sufficiently referenced in the pleadings, and consequently, the court had no way of determining which defendant was responsible for a particular grievance.  *See id.* at 873-74.  The same is true here.

If PSE had actually used the disputed easements to dig up the plaintiffs' yards and parking lots to install gas or electric utilities (or water and sewer pipes for that matter), the plaintiffs would undoubtedly know about it.  The plaintiffs have not alleged such facts, because they do not exist.  Again, by their own judicial admissions in this case and *Kaseburg*, PSE has not actually used the disputed easements but merely "intends to utilize" the dispute easements in

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

the future.  *See Am. Title Ins. Co. v. Lacelaw Corp.,* 861 F.2d 224, 226 (9th Cir. 1988) (noting that allegations in a complaint are binding judicial admissions).  No reasonable inference can be drawn from the allegations in the complaint that PSE is liable for trespassing on the plaintiffs' properties.

### C.   Inverse Condemnation:  Plaintiffs Fail to Allege that PSE Has Used the Dispute Easements.

The plaintiffs' inverse condemnation claim fails for the same reasons as its trespass claim:  The plaintiffs do not allege that PSE has used the disputed easements and therefore also cannot allege a "taking" by PSE required to state an inverse condemnation claim.

In fact, the plaintiffs' own theory seems to be that PSE was sold a bill of goods and that PSE obtained none of the property rights for which it paid the Port:  "So what King County and the Port actually sold to PSE were property rights that did not belong to them."  (Dkt. #35 at p. 7.)  The plaintiffs then flip to generalities to argue that "Plaintiffs' property was appropriated for a public purpose and Plaintiffs were not paid."  (*Id.* at p. 8.)  The plaintiffs do not allege that PSE appropriated anything.  Rule 8 requires that a complaint's allegations give the defendant fair notice of the claim and the "grounds" on which it rests, and the plaintiffs have failed to do so here because they cannot.

### D.   Slander of Title:  Plaintiffs Fail to Allege PSE Interfered with Any *Plaintiff's* Sale of Property.

In its opposition brief (Dkt. #36 at p. 8), the plaintiffs concede that the elements required to prove a slander of title claim include words that "(3) must be spoken with reference to some pending sale or purchase of property" and "must result in a pecuniary loss or injury to the plaintiff."  *Pay 'N Save Corp. v. Eads,* 53 Wn. App. 443, 448, 767 P.2d 592 (1989).  To meet the third element, the plaintiffs argue that "slander of title action stems from the sale of property interests owned by Plaintiffs *by the Defendants*."  (Dkt. #35 at p. 8 (emphasis added).)  But as quoted in PSE's motion to dismiss (Dkt. #29 at p. 10), "[s]lander of title is only available where the defendant has interfered with th*e plaintiff's sale of the property.*"  *Lapinski v. Bank of Am.,*

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1   C13–00925-RSM, 2014 WL 347274, at *5 (W.D. Wash. Jan. 30, 2014) (emphasis added).

2   "Where no sale is pending, contemplated, or has been attempted, [a] speculative assertion [that a

3   defendant has clouded a plaintiff's title] is insufficient to support a slander of title claim." *Id.*

4   (dismissing slander of title claim under Rule 12(b)(6) *without* leave to amend).

5        For example, in *Nieuwejaar v. Bank of America,* No. C14-0302-JCC, 2014 WL 3396047

6   (W.D. Wash. July 10, 2014), the plaintiffs defaulted on a deed of trust and received a notice of

7   trustee's sale. *See id.* at *1. The plaintiffs later sued and argued that their slander of title claim

8   stemmed from statements "'made in reference to a pending trustee's sale, the effect of which

9   clouded the Nieuwejaars' title to their home and preclude the Nieuwejaars from selling or

10  transferring their home.'" *Id.* at *5. The defendants noted that "the allegedly slanderous

11  statements were not made in reference to any pending sale by *Borrower.*" *Id.* (emphasis in

12  original). This Court agreed and dismissed the slander of title claim:

13              Even assuming Plaintiffs had proved all other elements of their
                claim, there is no genuine issue of material fact as to the third and
14              fifth elements, because Plaintiffs have put forward no evidence that
                they made any attempt to sell the property at or around the time the
15              alleged wrongful actions by Defendants occurred, and therefore
                that Defendants' actions harmed Plaintiffs.
16
    *Id.* The same analysis applies to this case as none of the plaintiffs allege that PSE made any
17
    purportedly slanderous statement(s) "with reference to some pending sale or purchase of the
18
    property" by any plaintiff or that resulted "in a pecuniary loss or injury to the plaintiff." *Pay 'N*
19
    *Save,* 53 Wn. App. at 448.
20
21       **E.    Statute of Limitations:  In the Alternative, Plaintiffs' Tort Claims Are Time
                Barred.**

22       The plaintiffs filed this case as putative class action, but now argue that PSE's statute of

23  limitations defense cannot be addressed on the pleadings because a plaintiff-by-plaintiff inquiry

24  would be required to determine when each class member knew or should have known about the

25  Easement Agreements under the discovery rule. Of course, the plaintiffs' claimed ignorance of

26  the Easement Agreements until 2014 only underscores the plaintiffs' admissions that PSE has

REPLY IN SUPPORT OF PSE'S MOTION TO DISMISS
(NO. 2:15-CV-00358-JCC) - 7
4838-7703-1715.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

1    not actually installed any utilities on their properties using the disputed easements.  Regardless,

2    the discovery rule is not available to the plaintiffs under these circumstances.

3         A tort claim accrues for statute of limitation purposes "when a claimant knows, or in the

4    exercise of due diligence should have known, all the essential elements of the cause of action,

5    specifically duty, breach, causation, and damages."  *G.W. Const. Corp. v. Prof'l Serv. Indus.,*

6    *Inc.*, 70 Wn. App. 360, 367, 853 P.2d 484 (1993).  "The burden is on the plaintiff to show that

7    the facts constituting the tort were not discovered or could not have been discovered by due

8    diligence within the 3–year period."  *Id.*

9         Here, it is undisputed that the Easement Agreements were publicly recorded, which

10   "serves as 'constructive notice to all the world of [their] contents.'"  *Shepard v. Holmes*, 345

11   P.3d 786, 790 (Wn. App. 2014) (citation omitted).  When the Easement Agreements were

12   recorded, the plaintiffs had already filed *Haggart v. United States* over their property rights

13   within the corridor.  The plaintiffs bear the burden of proof and have not offered any facts from

14   which to reasonably infer that each of the plaintiffs and proposed class members had not and

15   could not have discovered the Easement Agreements within the applicable limitation periods.

16   Accordingly, the plaintiffs' claims for civil conspiracy, trespass and slander of title should be

17   dismissed on the *additional* grounds that they are time-barred.

18        **F.    No Leave to Amend:  Plaintiffs Fail to Identify Any Additional Facts that
                  Would Cure the Pleading Deficiencies**

19
     "Leave to amend need not be granted, and dismissal may be ordered with prejudice, if

20   amendment would be futile."  *Lapinski*, 2014 WL 347274, at *2.  "'A district court may deny a

21   plaintiff leave to amend if it determines that allegation of other facts consistent with the

22   challenged pleading could not possibly cure the deficiency….'"  *Alvarez v. Chevron Corp.*,

23   656 F.3d 925, 935 (9th Cir. 2011).  Here, the plaintiffs fail to identify any additional facts that

24   are consistent with the complaint and cure the pleading deficiencies.  Moreover, the plaintiffs

25   cannot file an amended complaint that contradicts their admission that PSE has not installed any

26

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600

1  utilities using the disputed easements.  (Dkt. #18-1 at ¶ 39.)  Accordingly, the pleading

2  deficiencies cannot be cure, and the complaint should be dismissed with prejudice.

3  <u>**CONCLUSION**</u>

4        When the allegations in the complaint fail to state a claim, "this basic deficiency

5  should…be exposed at the point of minimum expenditure of time and money by the parties and

6  the court."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).  The plaintiffs admit that

7  PSE has not used the disputed easements, and therefore have not and cannot allege the factual

8  content required to state a claim against PSE for civil conspiracy, trespass, inverse condemnation

9  or slander of title.  Accordingly, the claims against PSE should be dismissed with prejudice.

10        DATED this 1st day of May, 2015.

11        RIDDELL WILLIAMS P.S.

12

13        By   s/James Breitenbucher

         James Breitenbucher, WSBA #27670

         Blake Marks-Dias, WSBA #28169

14

15        1001 Fourth Avenue, Suite 4500

      Seattle, WA 98154-1192

16        Telephone:  (206) 624-3600

      Facsimile:  (206) 389-1708

17        Email: jbreitenbucher@riddellwilliams.com

            bmarksdias@riddellwilliams.com

18        Attorneys for Defendant Puget Sound Energy, Inc.

19

20

21

22

23

24

25

26

REPLY IN SUPPORT OF PSE'S MOTION TO DISMISS
(NO. 2:15-CV-00358-JCC) - 9
4838-7703-1715.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington  98154-1192
206.624.3600

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on May 1, 2015, I electronically field the foregoing document with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

- Thomas S. Stewart – stewart@swm.legal
- Elizabeth G. McCulley – mcculley@swm.legal
- Daryl A. Deutsch - daryl@rdtlaw.com
- Timothy G. Leyh – timl@calfoharrigan.com
- Randall Thomsen – randallt@calfoharrigan.com
- Kristin Ballinger – kristinb@calfoharrigan.com
- David J. Hackett – david.hackett@kingcounty.gov
- H. Kevin Wright – kevin.wright@kingcounty.gov
- Peter G. Ramels – pete.ramels@kingcounty.gov
- Andrew W. Marcuse – andrew.marcuse@kingcounty.gov
- Desmond L. Brown – desmond.brown@soundtransit.org
- Loren Armstrong – loren.armstrong@soundtransit.org
- Dale N. Johnson – dnj@vnf.com

DATED this 1st day of May, 2015.

_s/ James Breitenbucher_____
James Breitenbucher

REPLY IN SUPPORT OF PSE'S MOTION TO DISMISS
(NO. 2:15-CV-00358-JCC) - 10
4838-7703-1715.02

**Riddell Williams P.S.**
1001 Fourth Avenue, Suite 4500
Seattle, Washington 98154-1192
206.624.3600