1

2

3

4

5                                                    The Honorable John C. Coughenour

6

7                          UNITED STATES DISTRICT COURT
                          WESTERN DISTRICT OF WASHINGTON
                                    AT SEATTLE
8

9   JOSEPH A. IOPPOLO; DAVID MCCRAY and         )
    SALLY MCCRAY, husband and wife; SCOTT       )
    KASEBURG and KATHRYN KASEBURG,              )   No. 15-cv-00358 JCC
10  husband and wife; CAR LOT LLC, a Washington )
    limited liability company; FLOOR CRAFT      )   DEFENDANT KING COUNTY'S
11  BUILDING LLC, a Washington limited liability )   MOTION FOR SUMMARY
    company; FREY REED BUILDING LLC, a          )   JUDGMENT TO DISMISS INVERSE
12  Washington limited liability company; and    )   CONDEMNATION CLAIM
    WOODINVILLE LANDING LLC, a Washington       )
13  limited liability company, for themselves and a )   NOTE ON MOTION CALENDAR:
    Class of Similarly Situated  Plaintiffs,     )
14                                               )   August 7, 2015
                                    Plaintiffs,  )
15                                               )
                                                 )
           vs.                                   )
16                                               )
    PORT OF SEATTLE, a municipal corporation;    )
17  PUGET SOUND ENERGY, INC., a Washington      )
    for profit corporation, KING COUNTY, a political )
18  subdivision of the State of Washington;      )
    CENTRAL PUGET SOUND REGIONAL               )
19  TRANSIT AUTHORITY, a municipal              )
    corporation; and CASCADE WATER             )
20  ALLIANCE, a municipal corporation,          )
                                                 )
21                                  Defendants.   )
                                                 )
22  _____ )

23

DEFENDANT KING COUNTY'S MOTION FOR              **Daniel T. Satterberg**, Prosecuting Attorney
SUMMARY JUDGMENT TO DISMISS INVERSE             CIVIL DIVISION, Litigation Section
CONDEMNATION CLAIM (15-cv-00358 JCC) - 1        900 King County Administration Building
                                                500 Fourth Avenue
                                                Seattle, Washington  98104
                                                (206) 296-0430  Fax (206) 296-8819

1

## I.      RELIEF REQUESTED

2

Defendant King County seeks summary judgment dismissing Plaintiffs' inverse

3      condemnation claim -- both for the reasons stated in this Court's  June 30, 2015 Order Granting

4      Motions to Dismiss, Dkt #45, and because Plaintiffs' inverse condemnation claim is not

5      currently ripe.  Inverse condemnation is Plaintiffs' last remaining cause of action against King

6      County.  For the reasons stated herein, King County respectfully asks this Court to grant

7      summary judgment dismissing Plaintiffs' inverse condemnation claim with prejudice.

8

## II.     FACTS

9

The facts surrounding this case are well known and set forth in this Courts' June 30, 2015

10     Order.  Dkt. 45.  In light of the dispositive rulings in the June 30, 2015 Order, undersigned

11     counsel for King County contacted Plaintiffs' counsel, Tom Stewart, to request that Plaintiffs

12     voluntarily dismiss their last remaining claim, inverse condemnation, under Fed. R. Civ. P. 41.

13     Plaintiffs refused to enter a voluntary or stipulated dismissal.

14

## III.    ISSUES

15

A.      Should the Court grant summary judgment for King County on Plaintiffs' claim

16     for inverse condemnation because the Plaintiffs have already obtained a judgment of over $141

17     million from the federal government for the taking of the East Side Rail Corridor ("Corridor")?

18     Yes.

19

B.      Should the Court grant summary judgment for King County on Plaintiffs' claim

20     for inverse condemnation when King County remains at the early planning stages for possible

21     Corridor uses and has constructed no improvements?  Yes.

22

23

DEFENDANT KING COUNTY'S MOTION FOR
SUMMARY JUDGMENT TO DISMISS INVERSE
CONDEMNATION CLAIM (15-cv-00358 JCC) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

C.     Should the Court grant summary judgment for Defendants on Plaintiffs' inverse condemnation claim because any claim that Plaintiffs may have for inverse condemnation is not ripe under Article III?  Yes.

**IV.    LEGAL ARGUMENT**

"The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R. Civ. P. 56(a).  To avoid summary judgment, the nonmoving party must present, by affidavits, depositions, answers to interrogatories, or admissions on file, "specific facts showing that there is a genuine issue for trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).  Here, there are no disputed material factual issues and Plaintiffs' inverse condemnation action is properly dismissed as an issue of law.

**A.     Plaintiffs' Successful Takings Action Against the United States Precludes an Inverse Condemnation Action Against King County for the Same Property**

In PSE's Motion to Dismiss, Dkt #29, PSE argued that Plaintiffs' inverse condemnation action should be dismissed.  This Court summarized PSE's argument:

> Defendants argue that Plaintiffs" inverse condemnation claim makes no sense, as the same Plaintiffs obtained a judgment of more than $141 million "based on the federal government's taking of their reversionary interests when the corridor was railbanked," in the Federal Claims case related to the instant matter, *Haggart v. United States*, 116 Fed. Cl. 131 (2014).  (Motion to Dismiss, Dkt. No. 29 at 8-9.)  PSE argues that if the federal government  indeed appropriated the property, as Judge Lettow found, and was thus forced to pay just compensation, then the state and municipal governmental entities could convey valid utility easements to PSE, and PSE could have no liability for inverse condemnation as a result of using (or intending to use) these easements. (*Id.*)

Order at 14-15 (Dkt. #45).

This Court held that it was "compelled by this reasoning," noting that "[e]ven if all the facts alleged by Plaintiffs were true, the previous use of eminent domain and a paying of just

DEFENDANT KING COUNTY'S MOTION FOR SUMMARY JUDGMENT TO DISMISS INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

compensation preclude later actions for inverse condemnation of the very same property." *Id.* at

15.  This same reasoning is equally compelling with regard to Plaintiffs' inverse condemnation

action against King County.  As such, the Court should grant the same relief given to PSE:

dismissal of Plaintiffs' inverse condemnation action with prejudice and without leave to amend.

Order at 17 (Dkt. 45).

**B.      Plaintiffs Have No Cause of Action For Inverse Condemnation Because King County Remains at the Early Planning Stages For Any Uses of the Corridor**

In dismissing Plaintiffs' inverse condemnation cause of action, this Court Agreed with

PSE's argument that there is no taking absent some current use by defendants of Plaintiffs'

claimed property:

> Further, PSE submits that an inverse condemnation plaintiff must prove a "taking" that is  greater than "a mere tortious interference."  (Motion, Dkt. No. 29 at 8 (quoting *Gaines v. Pierce  County,* 66 Wash. App. 715, 725 (1992)).)  Meanwhile, Plaintiffs have stated that PSE merely  "*intends* to utilize the Plaintiffs' subsurface rights and aerial rights in the right-of-way pursuant  to PSE's 'Easement Agreements' to place and maintain overhead and underground facilities and  equipment," *in the future*. (Complaint, Dkt. No. 1 at ¶39.)  Even if the facts Plaintiffs allege were true, there could be no taking at the point that PSE merely (allegedly) *intends* to use Plaintiffs" property.

Order at 15 (Dkt. 45).

The case for dismissing Plaintiffs' inverse condemnation action against King County is

even stronger.  "King County is at the very preliminary stages of developing a trail and has no

immediate plans for any other uses of the Corridor."  Decl. of Jacobs at ¶3.  At present:

> the portions of the Corridor where King County holds a property interest remain much as they were when BNSF stopped active rail operations.  The tracks remain in place and King County has not yet constructed any improvements.

¶5.

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

As with PSE, this Court should dismiss Plaintiffs' Inverse Condemnation action with prejudice.  There are simply no facts to support Plaintiffs' claims.[1]

### C.    Plaintiffs' Cannot Bring an Inverse Condemnation Action In Federal Court Because Their Claim, If Any, Is Not Ripe

Plaintiffs' inverse condemnation action is not ripe for federal adjudication because there is no active case or controversy.  Under Article III, the jurisdiction of  federal courts is limited to "cases" and "controversies." *Casey v. Lewis,* 4 F.3d 1516, 1519 (9th Cir.1993).  As the Ninth Circuit has explained:

> As the parties invoking federal jurisdiction, Plaintiffs bear the burden of establishing their standing to sue. *Id.* at 561, 112 S.Ct. at 2136–37. To do so, they must demonstrate three elements which constitute the "irreducible constitutional minimum" of Article III standing. *Id.* at 560, 112 S.Ct. at 2136. First, Plaintiffs must have suffered an "injury-in-fact" to a legally protected interest that is both "concrete and particularized" and "actual or imminent," as opposed to " 'conjectural' or 'hypothetical.' " Second, there must be a causal connection between their injury and the conduct complained of. Third, it must be "likely"—not merely "speculative"—that their injury will be "redressed by a favorable decision." *Id.* at 560–61, 112 S.Ct. at 2136 (citations omitted).

*San Diego Cnty. Gun Rights Comm. v. Reno*, 98 F.3d 1121, 1126 (9th Cir. 1996).

Plaintiffs' speculative fear that the Corridor might one day be used in a manner that is contrary to their property interests does not present a current case or controversy that is ripe for adjudication.  As pointed out in the Declaration of Jacobs, King County remains in early planning stages and has no active construction within the Corridor.  Decl. of Jacobs at ¶3-4.  The very notion of construction is premature because King County has not yet applied for necessary construction and environmental permits.  *Id.*  In short, Plaintiffs lawsuit is not ripe because they have suffered no injury in fact and any injury they might face in the future is entirely speculative.

---

[1] It remains the case that granting plaintiffs leave to amend would be futile.  June 30, 2015 Order at 17 n.14.

DEFENDANT KING COUNTY'S MOTION FOR
SUMMARY JUDGMENT TO DISMISS INVERSE
CONDEMNATION CLAIM (15-cv-00358 JCC) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

1    *See Cane Creek Conservation Auth. v. Orange Water & Sewer Auth.*, 590 F. Supp. 1123, 1128

2    (M.D.N.C. 1984)("That plaintiff Teer Farms *may* have a portion of its property condemned is

3    nothing more than speculation; such a fear does not give it standing to sue."); *United States v.*

4    *27.09 Acres of Land, More or Less Situated in Town of Harrison & Town of N. Castle, Cnty. of*

5    *Westchester, State of N.Y.*, 737 F. Supp. 277, 290 (S.D.N.Y. 1990)(takings claim presents no ripe

6    case or controversy prior to final agency action).

7          Plaintiffs' claim for inverse condemnation also is not ripe because they have failed to

8    pursue applicable state law compensation remedies. *See generally Williamson County Regional*

9    *Planning Commission v. Hamilton Bank of Johnson City,* 473 U.S. 172, 195, 105 S.Ct. 3108, 87

10   L.Ed.2d 126 (1985)(explaining when a takings claim is ripe for federal adjudication).   Under

11   Ninth Circuit precedent, the "compensation component of a taking claim is not ripe until the local

12   government refuses to compensate the landowner for the taking." *Bianchi v. City of Cupertino*,

13   944 F.2d 908 (9th Cir. 1991).  When suing for inverse condemnation, a plaintiff "must seek relief

14   in state court before bringing a claim in federal court."  *Adam Bros. Farming v. Cnty. of Santa*

15   *Barbara*, 604 F.3d 1142, 1147-48 (9th Cir. 2010).  Plaintiffs have simply made no effort to claim

16   just compensation in the Washington State courts.

17          There is no possible theory or factual scenario where plaintiffs' inverse condemnation

18   claim is ripe.  Indeed, in a recent inverse condemnation claim brought by Plaintiffs' *same*

19   counsel on behalf of homeowners along the East Lake Sammamish Rail Corridor ("ELSRC"),

20   Plaintiffs' counsel conceded that "the inverse condemnation cause of action is not ripe."

21   *Neighbors v. King County et al*, No. 2:15-cv-00970 MJP, 2015 WL 3949245, at *2 (June 26,

22   2015). In *Neighbors*, the property owners along the ELSRC were claiming that King County's

23

DEFENDANT KING COUNTY'S MOTION FOR
SUMMARY JUDGMENT TO DISMISS INVERSE
CONDEMNATION CLAIM (15-cv-00358 JCC) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

plans to widen an existing trail in the railbanked corridor – as indicated in a permit *application* with the City of Sammamish – would interfere with their property rights. *Id.* Judge Pechman accepted the concession of Plaintiffs' counsel and dismissed the inverse condemnation action as not ripe because the permit had not yet issued for the trail improvements. *Id.* at 4. The same result should control in the current case, where there are no concrete plans to develop the Corridor – much less a submitted or approved permit.

## V.    CONCLUSION

For the foregoing reasons, this Court should dismiss Plaintiffs' sole remaining cause of action for inverse condemnation with prejudice and dismiss King County from this lawsuit.

DATED this 7th day of July, 2015.

<div style="margin-left:40%">

DANIEL T. SATTERBERG
King County Prosecuting Attorney

By: *s/ David J. Hackett*
DAVID HACKETT, WSBA #21236
Senior Deputy Prosecuting Attorney

By: *s/ H. Kevin Wright*
H. KEVIN WRIGHT, WSBA #19121
Senior Deputy Prosecuting Attorney

By: *s/ Peter G. Ramels*
PETER G. RAMELS, WSBA #21120
Senior Deputy Prosecuting Attorney

By: *s/ Andrew W. Marcuse*
ANDREW W. MARCUSE, WSBA #27552
Senior Deputy Prosecuting Attorney
Attorneys for Defendant King County

King County Prosecuting Attorney's Office
500 Fourth Ave., 9th Floor
Seattle, WA. 98104
Telephone: (206) 296-8820 / Fax: (206) 296-8819

</div>

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

Email: david.hackett@kingcounty.gov
kevin.wright@kingcounty.gov
pete.ramels@kingcounty.gov
andrew.marcuse@kingcounty.gov

## DECLARATION OF FILING AND SERVICE

I hereby certify that on July 7, 2015, I electronically filed the foregoing motion and

the Declaration of Erica Jacobs in Support of Defendants' Motion to Dismiss with the Clerk of

the Court using the CM/ECF system which will send notification of such filing to the following:

Daryl A. Deutsch, WSBA # 11003
Attorney for Plaintiff
Rodgers, Deutsch & Turner, PLLC
Three Lake Bellevue Drive, Suite 100
Bellevue, WA 98005
Email: daryl@rdtlaw.com

Thomas S. Stewart
Elizabeth McCulley
Attorneys for Plaintiff
Stewart Wald & McCulley, LLC
9200 Ward Parkway, Suite 550
Kansas City, MO 64114
stewart@swm.legal
mcculley@swm.legal

Michael J. Smith
Attorney for Plaintiff
Stewart Wald & McCulley, LLC
100 N. Broadway, Suite 1850
St. Louis, MO 63102
smith@swm.legal

Timothy G. Leyh, WSBA #14853
Randall Thomsen, WSBA #25310
Kristin Ballinger, WSBA #28253
Attorneys for Port of Seattle
Calfo, Harrigan, Leyh & Eakes, LLP
999 Third Avenue, Suite 4400

DEFENDANT KING COUNTY'S MOTION FOR
SUMMARY JUDGMENT TO DISMISS INVERSE
CONDEMNATION CLAIM (15-cv-00358 JCC) - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

Seattle, WA 98104
timl@calfoharrigan.com
randallt@calfoharrigan.com
Kristinb@calfoharrigan.com

Blake Marks-Dias, WSBA #28169
James E. Breitenbucher, WSBA #27670
Attorneys for Puget Sound Energy
Riddell Williams PS
1001 – 4th Avenue, Suite 4500
Seattle, WA 98154-1065
bmarksdias@riddellwilliams.com
jbreitenbucher@riddellwilliams.com

Desmond L Brown
Loren G Armstrong
Attorneys for Sound Transit
401 S Jackson St
Seattle, WA 98104-2826
desmond.brown@soundtransit.org
loren.armstrong@soundtransit.org

Dale N. Johnson
Attorneys for Defendants Cascade Water Alliance
Van Ness Feldman LLP
719 2nd Avenue, Suite 1150
Seattle, WA 98104-1519
dnj@vfn.com

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 7th day of July, 2015 at Seattle, Washington.

s/ Kris Bridgman
Kris Bridgman, Legal Secretary
King County Prosecuting Attorney's Office

DEFENDANT KING COUNTY'S MOTION FOR
SUMMARY JUDGMENT TO DISMISS INVERSE
CONDEMNATION CLAIM (15-cv-00358 JCC) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819