1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

JOSEPH A. IOPPOLO, ET AL.,

               Plaintiffs,

vs.

PORT OF SEATTLE, a municipal corporation;
PUGET SOUND ENERGY, INC., a Washington
for profit corporation,
KING COUNTY, a political subdivision of the
State of Washington;
CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY, a municipal
corporation,

               Defendants.

NO. 2:15-CV-00358-JCC

PLAINTIFFS' BRIEF IN OPPOSITION TO
DEFENDANT KING COUNTY'S MOTION
FOR SUMMARY JUDGMENT TO
DISMISS INVERSE CONDEMNATION
CLAIM

NOTE ON MOTION CALENDAR:
AUGUST 7, 2015

## I.   BACKGROUND

Following this Court's recent ruling on the Defendants Motion to Dismiss (Doc. 45),

including Puget Sound Energy's ("PSE") Motion to Dismiss Plaintiffs' inverse condemnation

claim, King County has filed a motion for summary judgment on Plaintiffs' inverse

condemnation claim.[1]   Counsel for King County, David Hackett, contacted Plaintiffs' counsel

regarding taking a voluntary dismissal of the inverse condemnation claim, to which Plaintiffs'

---

[1] Defendant Sound Transit joined King County's motion for summary judgment on the inverse condemnation claim.
(Doc. 48).

Plaintiffs' Brief In Opposition to Defendant King County's Motion for
Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 1

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

counsel responded that Plaintiffs would consider doing so after the 60 day tort notice period

expired, at which point Plaintiffs would either refile the entire action with more specificity in

federal court, or file in state court.[2]  Plaintiffs' counsel further responded that defense counsel

might therefore wish to delay the matter, and thus avoid the expenditure of any additional time

and this Court's resources, but the only reply Plaintiffs' counsel received was the filing of the

present motion.  Now, Plaintiffs are forced to spend additional time responding to yet another

motion, primarily to correct the various misstatements of law and fact that are prevalent

throughout, and for the additional purpose of correcting the misrepresentations of the record in

another case that involves a completely different railroad corridor and a completely different set

of plaintiffs.

In addition, Plaintiffs are compelled to file a response to King County's motion because

King County asks for dismissal of Plaintiffs' inverse condemnation claim with prejudice.  This,

notwithstanding the fact that in the same breath, King County argues that the Court does not

have jurisdiction over the claim.  In fact, most of King County's arguments are aimed at

demonstrating that Plaintiffs' claim does not belong in federal court.  Considering King County

has taken the position that this Court has jurisdiction over this litigation and these facts under 28

U.S.C. § 1331 and has affirmatively removed the related case to this Court pursuant to the

provisions of 28 U.S.C. § 144(a) because these type of claims raise a substantial federal question

under the Trails Act, King County's position is very surprising.

---

[2]  Plaintiffs' counsel has in fact now submitted Tort Claim Forms for the residential plaintiffs to the Defendants in preparation for refiling the previously dismissed tort claims in state court.

Plaintiffs' Brief In Opposition to Defendant King County's Motion for
Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 2

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

## II.   INTRODUCTION

King County seeks summary judgment on Plaintiffs' inverse condemnation claim on the following grounds: 1) that Plaintiffs' were paid just compensation for their subsurface and aerial rights in the railroad corridor even though they were only compensated for the imposition of a surface easement in *Haggart*; 2) that a compensable inverse condemnation has not occurred and is not "ripe" even though the Port of Seattle granted King County subsurface rights in property owned by Plaintiffs; 3) that a compensable inverse compensation has not occurred even though King County seeks to exclude Plaintiffs from their own property; and 4) that Plaintiffs' counsel admitted in a completely separate case that this inverse condemnation action was not "ripe" even though the separate case concerned a different railroad corridor and a different group of landowners under totally different facts.  As will be explained more fully herein, King County's various arguments should be rejected, and their motion for summary judgment should be denied.

## III.   ARGUMENT

Summary judgment is only appropriate where the evidence demonstrates that there is "no genuine dispute as to any material fact and that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P. 56(a).  Furthermore, summary judgment should only be granted after there has been adequate time for discovery, and the non-moving party has failed to make an evidentiary showing sufficient to establish the existence of an element essential to the case. *Nebraska v. Wyoming,* 507 U.S. 584, 590, 113 S.Ct. 1689, 123 L.Ed.2d 317 (1993); *Celotex Corp. v. Catrett,* 477 U.S. 317, 322–323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986).

Plaintiffs' Brief In Opposition to Defendant King County's Motion for
Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 3

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

### A. The Long History of Trails Act Takings Cases Objectively Proves that Plaintiffs Never Received Compensation for their Subsurface and Aerial Rights

King County has latched itself onto the dubious argument set forth by PSE, that Plaintiffs should not be compensated for a taking of their property interests because those property interests were appropriated and then paid for by the Federal Government in the *Haggart* decision.[3]  The problem is that PSE's argument, which is the same one King County adopts here, is blind of the indisputable reality that no Trails Act takings plaintiff has ever been compensated for the type of fee simple property rights that were appropriated by King County and the other Defendants.

Put simply, subsurface and aerial rights have never been a component of just compensation paid as a result of a Trails Act taking.  Such is clear from Judge Lettow's liability decision[4] in the *Haggart* case, in which Judge Lettow explained that the measure of those plaintiffs' just compensation is the fee interest encumbered by a hiking and nature trail easement minus unencumbered fee.  *Haggart v. United States*, 108 Fed. Cl. 70, 97-98 (2012) ("The true 'before' state of the plaintiffs' property, absent federal intervention through action of the STB, would have been a fee unencumbered by easements. Damages should therefore be calculated using the value of plaintiffs' property in unencumbered condition.").  Thus, in the computation of damages in Trails Act takings cases — the before condition minus the after condition — the fee is never transferred and thus remains as a constant.

---

[3]  This Court apparently found the argument "compelling" in its Order (Doc. 48).
[4]  There are actually three different published opinions in *Haggart*.  The *Haggart* opinion cited by PSE and relied on by King County concerned approval of the class action settlement and class counsel's motion for approval of fees and proposed division of a common fund.  *Haggart v. United States*, 116 Fed. Cl. 131 (Fed. Cl. 2014).

Plaintiffs' Brief In Opposition to Defendant King County's Motion for Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 4

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

This fact is further confirmed by the long line of Trails Act takings cases which hold that just compensation is unencumbered fee minus encumbered fee. *See Howard v. United States*, 106 Fed. Cl. 343, 356 (Fed. Cl. 2012) (court granted plaintiffs' request that the measure of just compensation in a rails to trails case "must be the difference between an unencumbered fee and a fee encumbered with an easement for public trail use for the indefinite future."); *Raulerson v. United States*, 99 Fed. Cl. 9, 12 (Fed. Cl. 2011) ("the appropriate measure of damages is the difference between the value of plaintiffs' land unencumbered by a railroad easement and the value of plaintiffs' land encumbered by a perpetual trail use easement subject to possible reactivation as a railroad."); *Anna F. Nordus Family Trust v. United States*, 106 Fed. Cl. 289, 290 (Fed Cl. 2012) (court found that plaintiffs' proposed method of calculating damages as "the difference between the value of plaintiffs' land  unencumbered by a railroad easement and the value of plaintiffs' land encumbered by a perpetual trail use easement subject to possible reactivation of a railroad."). These opinions are completely devoid of any mention of the type of subsurface and aerial rights that are in dispute in this case, because those property rights were never taken from the landowners to begin with. All that was taken, and all that the landowners were compensated for, was the imposition of a hiking and biking trail easement on their property. *See Otay Mesa Prop., L.P. v. United States,* 670 F.3d 1358, 1364 (Fed.Cir.2012) ("Where the property interest permanently taken is an easement, the 'conventional' method of valuation is the 'before-and-after' method."). King County can rest assured that if subsurface and aerial rights had been appropriated from these Plaintiffs, then they certainly would have demanded just compensation for those damages.

King County, PSE, and the Port all must realize that Plaintiffs were not reimbursed for their subsurface and aerial rights in *Haggart*, because they all were made aware by that decision

Plaintiffs' Brief In Opposition to Defendant King County's Motion for
Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 5

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25

that BNSF never held the land in fee.  If BNSF had held the land in fee, as King County apparently suggests, then it would have been impossible for Plaintiffs to have succeeded in their Trails Act taking case. *See Haggart*, 108 Fed. Cl. at 77 (Fed. Cl. 2012) ("To prevail, plaintiffs **must demonstrate** that the railroad held only an easement (**as contrasted to a fee simple estate**) on the property owned by plaintiffs at the time the NITU was issued, and that either the easement did not encompass public recreational trail use, or that the easement had terminated prior to the alleged taking.") (emphasis added).  It is therefore completely absurd to suggest, as King County has, that BNSF held the fee interest in the railroad corridor.  The Court of Federal Claims held that BNSF held only an easement, so these Plaintiffs could not and did not receive compensation for something that was never taken from them.  All that was taken from them by the federal government were their surface rights in the railroad corridor.

In sum, arguing that Plaintiffs have already been compensated for their subsurface and aerial rights ignores the basic tenet of Trails Act takings jurisprudence which is that compensation is based upon a new surface easement.  As explained by Judge Firestone in *Macy Elevator v. United States*, 97 Fed. Cl. 708 (Fed. Cl. 2011), it is the imposition of a recreational trail on plaintiffs' underlying fee interest in railroad rights-of-way that creates liability under the Trails Act because the easements "do not include recreational trail use within their scope… and the imposition of a recreational trail on the plaintiffs' **underlying fee interest** in the subject rights-of-way [results] in a taking." *Id*. at 735 (emphasis added).

**B. Plaintiffs' State Inverse Condemnation Claim is "Ripe" for Adjudication in this Court**

The cases cited by King County for the proposition that Plaintiffs' claims are not ripe because Plaintiffs have not pursued applicable state law compensation do not apply because none

Plaintiffs' Brief In Opposition to Defendant King County's Motion for Summary Judgment to Dismiss Inverse Condemnation Claim No. 2:15-cv-00358-JCC - Page 6

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

of those cases concern a state inverse condemnation action brought pursuant to a federal court's supplemental jurisdiction, as is the circumstance here. *See* Pls.' Comp. at ¶ 19 ("this action presents a claim arising under the laws of the United States as well as the laws of Washington."). The proposition of law cited by King County from *Bianchi v. City of Cupertino*, 944 F.2d 908 (9th Cir. 1991) and *Adam Bros. Farming v. Cnty. Of Santa Barbara*, 604 F.3d 1142 (9th Cir. 2010) concerns ripeness in the context of a **5th Amendment** takings claim wherein compensation was sought on the basis of a **federal constitutional violation**. This is a state law inverse condemnation action brought in federal court, in which the Plaintiffs seek just compensation from King County. So Plaintiffs are in fact complying with the proposition of law that King County cites, for they are bringing a state law taking claim, albeit in federal court.

Furthermore, it is shocking that King County is making this argument considering that King County removed the related *Kaseburg* case to federal court in the first place. In the *Kaseburg* case, which was originally filed in state court, King County demanded that the case be removed because the claims raised a substantial federal question. *See Kaseburg et al v. Port of Seattle et al*, No. 14-CV-00784-JCC, Notice of Removal of Action Under 28 U.S.C. 1441(b), ECF No. 1 (W.D. Wash. May 27, 2014). According to King County, the *Kaseburg* case was removed because the Court had jurisdiction for those claims under 28 U.S.C. § 1331, and could be removed pursuant to the provisions of 28 U.S.C. § 1441(a) because of the involvement of the Trails Act. *Id*. at p.4.

If King County's position in *Kaseburg* is to be taken seriously, then its jurisdictional arguments should be rejected here, where the Trails Act is even more on point than is the situation in *Kaseburg*. King County's primary argument for why Plaintiffs' inverse condemnation should be dismissed is that Plaintiffs' inverse condemnation case was previously

Plaintiffs' Brief In Opposition to Defendant King County's Motion for Summary Judgment to Dismiss Inverse Condemnation Claim No. 2:15-cv-00358-JCC - Page 7

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110 Fax (425)455-1626

resolved as a matter of law in the *Haggart* Trails Act takings litigation, which concerned a question of **federal takings law**.  King County should not be permitted to engage in asserting a contrary position in its motion for summary judgment to what it asserted in *Kaseburg*.  King County's bipolar position is therefore subject to judicial estoppel.  *See Hamilton v. State Farm Fire & Cas. Co.*, 270 F.3d 778, 782 (9th Cir. 2001) (Judicial estoppel is "an equitable doctrine that precludes a party from gaining an advantage by asserting one position, and then later seeking an advantage by taking a clearly inconsistent position.").  Accordingly, King County's jurisdictional arguments should be rejected because this Court has jurisdiction over Plaintiffs' inverse condemnation claim.

**C. Washington Case Law and the Limited Evidence Obtained Thus Far Support a Finding That a Compensable Inverse Condemnation Has Occurred Concerning Plaintiffs' Subsurface and Aerial Rights**

The term "inverse condemnation" is used to describe an action alleging a governmental taking, brought to recover the value of property that has been **appropriated in fact**, but with no formal exercise of power.  *Bodin v. City of Stanwood,* 79 Wash.App. 313, 320, 901 P.2d 1065 (1995), *aff'd,* 130 Wash.2d 726, 927 P.2d 240 (1996) (emphasis added).  Thus, "[a]t a minimum, the causal relationship required for inverse condemnation must include cause in fact as one of its components."  *Gaines v. Pierce Cnty.,* 66 Wash. App. 715, 726, 834 P.2d 631, 637 (1992).

King County argues that simply because none of the defendants have yet to commit a trespass on the subsurface owned by Plaintiffs that there can be no taking.  This is a complete misunderstanding of takings law.  Certainly, when there has been an obvious trespass, a property interest has been appropriated, whether it is surface, subsurface or aerial.  Yet, a taking also occurs, and is often the case, when the government deliberately appropriates (takes) private property.  *See Clark v. City of Seattle*, 156 Wash. 319, 324-25, 287 P. 29, 31 (1930) ("Whether it

Plaintiffs' Brief In Opposition to Defendant King County's Motion for Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 8

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

be called negligence, trespass, or an act of sovereignty commonly called eminent domain, there

must be a direct invasion of private property, **or a deliberate taking thereof**, or an injury and

damage directly or proximately caused by one or the other.") (emphasis added).   Furthermore,

the term "property," as used in the Washington Constitution includes the unrestricted right to

use, enjoy, and dispose of land.  *Martin v. Port of Seattle,* 64 Wash.2d 309, 313, 391 P.2d 540,

543 (1964).

As explained in *Gaines*, at the summary judgment stage "the evidence must at least

support a reasonable inference that the damage alleged to constitute inverse condemnation would

not have occurred but for the governmental conduct in issue."  *Gaines*, 834 P.2d at 637 (1992).

Here, the evidence indicates that a takings claim accrued against King County when the Port of

Seattle granted King County subsurface rights in the property which belong to Plaintiffs.

Attached to Plaintiffs' response as Exhibit A is an Easement Agreement from the Port to King

County.  Pursuant to this contract, the Port granted King County an easement "over, **under,**

along across and through [the railroad right-of-way]."  *See* Exhibit A at p. 3 (emphasis added).

And the contract further states that the purpose of the grant is to provide King County the right to

"construct, own, use, operate… and enhance **underground utilities**…."  *See id.* at p. 4.

(emphasis added).   This contract therefore supports an inference that the Port had already

appropriated in fact the subsurface of the corridor from Plaintiffs, which it subsequently granted

to King County.

What is apparent from King County's motion is that it mistakenly believes that a

governmental body must physically invade a landowners' property before an action for inverse

condemnation is "ripe."  That is simply not the case, as indicated by Washington case law.  And

such is further demonstrated in other takings cases.  For instance, in Trails Act takings cases,

Plaintiffs' Brief In Opposition to Defendant King County's Motion for
Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 9

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

which are federal inverse condemnation cases, there is no requirement that the federal government commit a trespass upon a claimant's land.  The only government action that occurs that results in a compensable taking is when the federal government authorizes a use beyond the scope of the easement already in place and landowners' reversionary interests are blocked.  *See Bright v. United States*, 603 F.3d 1273, 1275 (Fed. Cir. 2010) (citing *Rail Abandonments–Use of Rights–of–Way as Trails,* Ex Parte No. 274 (Sub–No. 13), 2 I.C.C.2d 591, 1986 WL 68617 (1986) ("the Trails Act prevents the operation of state laws that would otherwise come into effect upon abandonment, specifically, property laws that would 'result in the extinguishment of easements for railroad purposes and reversion of rights-of-way to abutting landowners.'").  The Federal Circuit's analysis in *Barclay v. United States*, 443 F.3d 1368 (Fed. Cir. 2006) is also instructive, for in that case the court took the opportunity to note that an inverse condemnation action does not require "physical ouster from possession."  *Id*. at 1374.  As noted by the Federal Circuit, it is not the building of a hiking trail that results in takings liability, it is whenever the circumstances of the case suggest that the land has been appropriated in fact.  In Trails Act takings cases this results from governmental interference of reversionary property interests.  In this instance, it results from the taking of subsurface and aerial property rights by a governmental entity (Port of Seattle) from those who own it (Plaintiffs) and granting it to another (King County).

**D. King County Professes Ownership of Subsurface and Aerial Rights in the *Kaseburg* Matter**

As discussed in the previous section, all of the evidence suggests that King County has appropriated Plaintiffs' property.  Furthermore, there can be no doubt that King County has appropriated Plaintiffs' subsurface rights, lest King County would not have so vehemently

Plaintiffs' Brief In Opposition to Defendant King County's Motion for
Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 10

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

opposed much of these same landowners' efforts to have title to the subsurface and aerial rights

in the railroad corridor quieted in their favor in the *Kaseburg* matter.  In *Kaseburg*, King County

filed its motion for summary judgment on Plaintiffs Declaratory Judgment claim, and in doing

so, affirmatively stated that Defendants gained subsurface rights and aerial rights in the railroad

corridor from BNSF because BNSF possessed easements in the subsurface by virtue of its

railroad purpose easement.  *Kaseburg v. Port of Seattle et al*, No. 2-14-cv-00784-JCC, ECF No.

95, Defs.' Mot. Summ. J. (W.D. Wa. May 28, 2015).  In arguing that the Trails Act preserves

railroad easements, King County, who is the trail sponsor of the railbanked corridor, stated that

"the trail sponsor [owns] the same railroad easement rights held by the railroad and [can]

**prevent the underlying landowners** from disturbing the corridor."  *Id*. at p.14.  Thus, in

*Kaseburg*, King County has affirmatively stated that it gained subsurface rights and aerial rights

from BNSF and therefore excludes these landowners from their ownership of the underlying fee.

In Washington, "[a] 'taking' has occurred when government conduct interferes with the use and

enjoyment of private property, with a subsequent decline in market value."  *Lambier v. City of*

*Kennewick*, 56 Wash. App. 275, 279, 783 P.2d 596, 598 (1989) (*citing Martin v. Port of Seattle,*

64 Wash.2d 309, 320, 391 P.2d 540 (1964).  How King County can state that they can exclude

Plaintiffs from their property, and then in another state that it has not taken Plaintiffs' property, is

beyond belief.

**E. If Plaintiffs' Inverse Condemnation Is Not Ripe Then This Court Cannot Dismiss the Claim With Prejudice**

A constant theme of King County's motion is that Plaintiffs' inverse condemnation claim

is not ripe for adjudication in this Court.  King County specifically asserts that Plaintiffs do not

have Article III standing and consequently the Court lacks jurisdiction to hear the inverse

Plaintiffs' Brief In Opposition to Defendant King County's Motion for
Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 11

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

condemnation claim because no taking has occurred. *See* ECF No. 46 at p.5 ("Plaintiffs' inverse condemnation action is not ripe for federal adjudication because there is no active case or controversy."). In addition, King County asserts that the claim is ripe because Plaintiffs have not pursued applicable state law remedies for the claim. *See id*. at p. 6. If the inverse condemnation claim is not ripe then the Court does not have jurisdiction, and so it follows that it would be impossible for the Court to dismiss the inverse condemnation claim "with prejudice" as King County suggests. For this reason, if the Court determines the claim is not ripe then it can only dismiss the claim without prejudice to allow for refiling in state court or in this Court once the claim is otherwise ripe for adjudication.

IV.     **THE EVIDENCE AND ARGUMENTS SET FORTH BY KING COUNTY DO NOT WARRANT SUMMARY JUDGMENT**

   A. **Plaintiffs Are Confident That Once More discovery Has Taken Place Additional Evidence Will Be Identified That Further Supports Plaintiffs' Inverse Condemnation Claim**

Even though the Easement Agreement and King County's admissions are more than sufficient to defeat King County's motion for summary judgment, Plaintiffs note that summary judgment would be inappropriate at this stage of the litigation considering there has not been time for adequate discovery. *See Celotex,* 477 U.S. at 322–323 (explaining that summary judgment is mandated only after adequate time for discovery has taken place.) Indeed, there has been no discovery documents received from King County to date. That there has been no discovery to date is not due to a lack of diligence on the part of Plaintiffs, considering that this action was only filed four months ago, and during that time period Plaintiffs have had to respond to several motions filed by the Defendants and had to pursue the mandated 60 day delay for notice. Plaintiffs are confident that discovery will result in additional evidence in support of

Plaintiffs' Brief In Opposition to Defendant King County's Motion for
Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 12

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

Plaintiffs' claim and great specificity will ultimately be provided.  Thus, King County's motion for summary judgment should be denied on the grounds that the motion is premature because there has been hardly any discovery in the case.

> **B. King County's Declaration Concerning The Early Planning Stages of Construction is Irrelevant**

King County has submitted a declaration provided by its own Special Projects Manager for its Parks and Recreation Division.  In Ms. Jacob's statement, she identifies herself as being responsible for overseeing "trail planning, design, and implementation for the Eastside Rail Corridor." *See* Decl. of Jacobs at ¶2.  Nowhere in her statement does Ms. Jacobs identify herself as having knowledge of the dealings between the Port of Seattle and King County, nor any knowledge concerning what property interests King County has obtained from the Port of Seattle.  As discussed above, the evidence acquired by Plaintiffs thus far indicates that the taking of property by King County occurred when King County was granted particular subsurface rights from the Port of Seattle.[5]  Thus, Ms. Jacob's declaration is utterly useless for the factual question on point in this case.

Furthermore, Ms. Jacobs' declaration is devoid of any foundation that would suggest that she possesses any knowledge of the complex real-estate matters that are at issue in the case.  At most, her responsibilities and knowledge concern the design and management of hiking trails.  There is nothing to suggest she had any involvement or expertise concerning transfers of subsurface and easement rights between the Port and King County.  For this reason, Ms. Jacobs'

---

[5] At this point, Plaintiffs note that because there has not been adequate discovery, Plaintiffs are incapable of pinpointing the date Plaintiffs' inverse condemnation action accrued against King County and the other Defendants.  Thus, Plaintiffs' statements in the present motion should not be taken as an admission of the accrual date.

Plaintiffs' Brief In Opposition to Defendant King County's Motion for Summary Judgment to Dismiss Inverse Condemnation Claim
No. 2:15-cv-00358-JCC - Page 13

**RODGERS DEUTSCH & TURNER, P.L.L.C.**
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

declaration is irrelevant and should be completely ignored.

### C.   King County's Recount of the Statements of Plaintiffs' Counsel in the *Neighbors* Action are Irrelevant and In Fact Misrepresent the Record

It is astounding that King County has chosen to cite to the "record" in the *Neighbors* case, as that case concerns a completely different railroad corridor, a completely different set of landowners, and thus a completely different set of circumstances altogether.  That case did not concern fee ownership of the right of way, it concerned the width of an easement that was owned by King County by and through the Trails Act and under Washington law.  *See Neighbors v. King County, et al*, No. 15-cv-00970, ECF No. 1, Pls.' Comp. (W.D. Wa. June 16, 2015).  In that case, there was no reference to any grant by deed or otherwise of subsurface and aerial rights, as is the case here, so that case is completely irrelevant to Plaintiffs' inverse condemnation claim in this case.

To make matters worse, King County has misrepresented Plaintiffs' counsel's statement in that case, in a blatant effort to somehow poison the well.  Plaintiffs' counsel stated that the inverse condemnation action was not ripe in the context of a Temporary Restraining Order for one particular section of the railroad corridor at issue.  And, more importantly, Plaintiffs' counsel never conceded that there had been no taking.  In fact, the basis of the dismissal of the action was not ripeness, but that the Court did not have jurisdiction to hear Plaintiffs' claims.

For these reasons, the Court should ignore any and all references to the *Neighbors* matter because that case has absolutely no bearing on Plaintiffs' current inverse condemnation case.

## V.   CONCLUSION

Plaintiffs respectfully request that this Court refuse to grant King County's Motion for Summary Judgment because Plaintiffs' inverse condemnation claim is ripe for this Court's

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington 98005-2440
Tel. (425)455-1110  Fax (425)455-1626

consideration, the evidence acquired by Plaintiffs' thus far indicates there is at least a genuine

issue of material fact that King County has taken Plaintiffs' property, and additional evidence

will no doubt come to light that will further support Plaintiffs' claim once King County has

responded to Plaintiffs' discovery.   Furthermore, should the Court decide that the inverse

condemnation claim is not ripe, it should only dismiss the claim without prejudice to allow for

refiling in state court or in this Court once the claim is otherwise ripe for adjudication.

Date: August 3, 2015.                                 STEWART, WALD & McCULLEY, L.L.C.


                                                      By  /s/ *Thomas S. Stewart*
                                                         Thomas S. Stewart
                                                         Elizabeth McCulley
                                                         Michael J. Smith
                                                         9200 Ward Parkway, Suite 550
                                                         Kansas City, MO 64114
                                                         Telephone:  (816) 303-1500
                                                         Facsimile:  (816) 527-8068
                                                         stewart@swm.legal
                                                         mcculley@swm.legal
                                                         smith@swm.legal

                                                      AND

                                                      RODGERS DEUTSCH & TURNER, P.L.L.C.
                                                      Daryl A. Deutsch, WSBA No. 11003
                                                      Rodgers Deutsch & Turner, P.L.L.C.
                                                      3 Lake Bellevue Dr., Suite 100
                                                      Bellevue, WA  98005
                                                      Telephone:  (425) 455-1110
                                                      Facsimile:  (425) 455-1626
                                                      daryl@rdtlaw.com

                                                      **ATTORNEYS FOR PLAINTIFFS**

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626

1

2

3

## **CERTIFICATE OF SERVICE**

I hereby certify that on the 3rd day of August 2015, the foregoing was filed electronically with the Clerk of the Court to be served by the operation of the Court's electronic filing system upon all parties of record.

4

5

6

7

8

9

Andrew W Marcuse
David J. Hackett
Peter G. Ramels
King County Prosecuting Attorney, Civil
Division
andrew.marcuse@kingcounty.gov
david.hackett@kingcounty.gov
pete.ramels@kingcounty.gov
ATTORNEYS FOR DEFENDANT
KING COUNTY

Desmond L. Brown
Loren Armstrong
Desmond.brown@soundtransit.org
Loren.armstrong@soundtransit.org
ATTORNEY FOR DEFENDANT
CENTRAL PUGET SOUND REGIONAL
TRANSIT AUTHORITY (SOUND
TRANSIT)

10

11

12

13

14

James Breitenbucher
Blake Marks-Dias
RIDDELL WILLIAMS
jbreitenbucher@riddellwilliams.com
bmarksdias@riddellwilliams.com
ATTORNEYS FOR DEFENDANT
PUGET SOUND ENERGY

15

16

/s/ *Thomas S. Stewart*

17

18

19

20

21

22

23

24

25

RODGERS DEUTSCH & TURNER, P.L.L.C.
Attorneys At Law
Three Lakes Bellevue Dr. Suite 100
Bellevue, Washington  98005-2440
Tel. (425)455-1110  Fax (425)455-1626