The Honorable John C. Coughenour

# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| JOSEPH A. IOPPOLO; DAVID MCCRAY and SALLY MCCRAY, husband and wife; SCOTT KASEBURG and KATHRYN KASEBURG, husband and wife; CAR LOT LLC, a Washington limited liability company; FLOOR CRAFT BUILDING LLC, a Washington limited liability company; FREY REED BUILDING LLC, a Washington limited liability company; and WOODINVILLE LANDING LLC, a Washington limited liability company, for themselves and a Class of Similarly Situated Plaintiffs,<br><br>Plaintiffs,<br><br>vs.<br><br>PORT OF SEATTLE, a municipal corporation; PUGET SOUND ENERGY, INC., a Washington for profit corporation, KING COUNTY, a political subdivision of the State of Washington; CENTRAL PUGET SOUND REGIONAL TRANSIT AUTHORITY, a municipal corporation; and CASCADE WATER ALLIANCE, a municipal corporation,<br><br>Defendants. | No. 15-cv-00358 JCC<br><br>DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM<br><br>NOTE ON MOTION CALENDAR:<br><br>August 7, 2015 |

DEFENDANT KING COUNTY'S REPLY IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT ON INVERSE CONDEMNATION
CLAIM (15-cv-00358 JCC) - 1

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

Plaintiffs' fail to support the continued viability of their inverse condemnation claim, particularly when viewed under the reasoning of this Court's June 30, 2015 Order, which dismissed the same claim against PSE *with prejudice*. Dkt. 45 at 14-15, 17.  Even if this claim were legally available to Plaintiffs despite their $141 million takings settlement with the federal government, they have failed to present facts supporting their claim and it is not ripe under Ninth Circuit precedent.  For these reasons, King County respectfully asks this Court to grant summary judgment dismissing Plaintiffs' inverse condemnation claim with prejudice.

**A.     Plaintiffs Have Failed to Raise Any Material Issues of Fact**

The factual record presented by King County in the Declaration of Jacobs (Dkt. 47) stands unrefuted.  As King County pointed out in its Motion for Summary Judgment, in order "[t]o avoid summary judgment, the nonmoving party must present, by affidavits, depositions, answers to interrogatories, or admissions on file, 'specific facts showing that there is a genuine issue for trial.'" Dkt. 46 (King County Motion at 3, *quoting Celotex Corp. v. Catrett*, 477 U.S. 317, 324, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)).  Plaintiffs have failed in their burden to present any responsive declarations. *Nissan Fire & Marine Ins. Co. v. Fritz Companies, Inc.*, 210 F.3d 1099, 1103 (9th Cir. 2000)(party opposing summary judgment has a burden to refute facts raised by moving party).  The bald factual claims in Plaintiffs' responsive briefing do not operate to preclude summary judgment. *British Airways Bd. v. Boeing Co.*, 585 F.2d 946, 952 (9th Cir. 1978)("[L]egal memoranda and oral argument are not evidence, and they cannot by themselves create a factual dispute sufficient to defeat a summary judgment motion where no dispute otherwise exists.").  With no countervailing declarations submitted by Plaintiffs, this Court should decide this motion under the facts established in Ms. Jacobs' declaration.

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 2

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

**B.     Plaintiffs Inverse Condemnation Claim Fails as a Matter of Law Because They Were Already Compensated $141 Million For Their Property Rights**

In its June 30, 2015 Order, this Court ruled in PSEs favor and dismissed Plaintiffs' inverse condemnation claim with prejudice. Dkt. 45 at 14-15, 17. This Court found "compelling" the reasoning that because the federal government had already paid more than $141 million for Plaintiffs' "reversionary interests when the corridor was railbanked," and "the federal government indeed appropriated the property," then "the state and municipal governmental entities could convey valid utility easements to PSE, and PSE could have no liability for inverse condemnation as a result of using (or intending to use) these easements." Dkt. 45 at 14-15. Thus, "[e]ven if all the facts alleged by Plaintiffs were true, *the previous use of eminent domain and a paying of just compensation preclude later actions for inverse condemnation of the very same property*."[1] *Id.* at 15 (emphasis added).

Plaintiffs offer nothing to counter this Court's prior holding, except a bare claim that they were not compensated for subsurface and aerial rights. Response at 4. They cite no authority for the proposition that the Trails Act took only surface rights, or commensurately, that they were compensated only for surface rights. To the contrary, the *Haggart* case recognized that the Trails Act operated to encumber Plaintiffs' property with a continued railroad easement and the additional burden of a trail. *Haggart v. United States*, 108 Fed. Cl. 70, 96-98 (2012). Nothing in *Haggart* limits Plaintiffs' compensation to surface rights. Indeed, the *Haggart* opinion does not use, or even reference, the words "aerial" or "subsurface;" its sole use of the word "surface" is to

---

[1] For purposes of this motion, King County assumes (without conceding) that BNSF held only an easement in the portions of the rail corridor that are adjacent to Plaintiffs' properties.

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 3

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

reference the STB or *Surface* Transportation Board.  Plaintiffs' claim that their recovery in *Haggart* was limited to "surface rights" is simply invented out of whole cloth.

The *Haggart* court awarded takings compensation based on the full burden of the railroad easement and the added trail on Plaintiffs' fee estate:

> The true "before" state of the Plaintiffs' property, absent federal intervention through action of the STB, would have been a fee unencumbered by easements.  Damages should therefore be calculated using the value of Plaintiffs' property in unencumbered condition.

*Haggart v. United States*, 108 Fed. Cl. 70, 97-98 (2012).  It is well established that a fee estate includes "all possible rights and privileges with respect to land," which necessarily includes surface, subsurface and aerial rights.  *Bryant v. Palmer Coking Coal Co.*, 86 Wn. App. 204, 219, 936 P.2d 1163, 1173 (1997)(*quoting* 2 *Thompson on Real Property,* Thomas Edition, § 17.07, at 453 (David A. Thomas ed. 1994)).  Thus, the $141 million takings settlement necessarily included the impact of the continued railroad easement and the added trail on Plaintiffs' surface, subsurface and aerial rights.[2]

Plaintiffs' claim that the $141 million was only compensation for surface rights appears predicated on their unsupported belief that "[a]ll that was taken, and all that the landowners were compensated for, was the imposition of a hiking and biking trail easement on their property." Response at 5.  But in the related matter of *Kaseburg v. Port of Seattle*, C14-0784-JCC, 2015 WL 4508790, at *6 (W.D. Wash. July 24, 2015) – which involves many of the same Plaintiffs and the same counsel – this Court rejected Plaintiffs' notion that the sole result of the Trails Act

---

[2] Even if plaintiffs voluntarily limited their recovery to surface rights by not pursuing compensation for subsurface and aerial rights, it would not matter.  *Tahoe-Sierra Pres. Council, Inc. v. Tahoe Reg'l Planning Agency*, 322 F.3d 1064, 1080 (9th Cir. 2003)(affirming dismissal of takings a that involved "the same nucleus of facts" of a prior takings claim that had resulted in a final judgment, but where plaintiffs had failed to pursue all available claims in the prior matter).

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 4

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

is a hiking and biking trail surface easement:

> By its terms, the Trails Act preserves railroad easements in railbanked corridors by preempting abandonment of those easements. *When a railroad corridor is railbanked pursuant to the Trails Act, the railroad easements are preserved and trail use becomes a new interim authorized use.* BNSF's railbanking of the Eastside Rail Corridor preserved BNSF's railroad easements and allowed interim use of the corridor as a trail.

(Emphasis added). In accord with both *Haggart* and *Kaseburg*, it is clear that the Trails Act goes well beyond the imposition of a trail and preserves the BNSF railroad easement.

Although Plaintiffs would greatly benefit if they could lodge serial takings cases, this Court correctly held that the $141 million in takings compensation for the continued BNSF easement and the trail precludes any further takings actions that fall within those uses. *See also Missouri Real Estate & Ins. Agency v. St. Louis County,* 959 S.W.2d 847, 851 (Mo.Ct.App.1997) (where condemnation action compensated property owner for governmental taking, owner could not thereafter initiate inverse condemnation action based upon the same taking). Here, the BNSF easement plainly includes surface, subsurface and aerial rights because they are part and parcel to rail road operations. As the Tenth Circuit has explained:

> Of course, a railroad company which acquires a right of way over and through lands of another acquires more than the mere right of passage over such lands. It acquires the right to excavate drainage ditches; to construct beneath the surface supports for bridges and other structures; to erect and maintain telegraph lines and supporting poles with part of the poles beneath the surface; to construct passenger and freight depots, using portions of the land below them for foundations; to construct signals; to make fills and cuts to decrease the grades of their rail lines, and to use material from the land covered by the right of way to make such fills; and to construct a roadbed and lay its ties and rails thereon. Hence, it has substantial surface and subsurface rights, which it is entitled to have protected.

*Kansas City S. Ry. Co. v. Arkansas Louisiana Gas Co.*, 476 F.2d 829, 834-35 (10th Cir. 1973).

*See also* Danaya C. Wright, *Doing A Double Take: Rail-Trail Takings Litigation in the Post-*

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 5

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

*Brandt Trust Era*, 39 Vt. L. Rev. 703, 713 (2015) (describing the needs of a railroad to "alter drainage, build permanent structures, dig into the subsurface of the land for support, locate ballast for tracks and ties, or extend into the airspace for all variety of structures from bridges to cranes to water towers").

When the railroad easements at issue in this case were purchased in the early 1900s, it was well accepted that that "a railroad company has the exclusive control of all the land within the lines of its roadway." *Grand Trunk Railroad Co. v. Richardson*, 91 U.S. 454 (1875). Under Washington law, such easements are robust and exclusive:

> Many of the courts say that the nature of the right of way purchased or condemned by a railroad company is more than a mere easement. It has been designated as a qualified or determinable fee, although it is not very important what it is called. It is taken for a specific purpose, to be held so long as devoted to that purpose. *A railroad right of way is a very substantial thing. It is more than a mere right of passage.* ***It is more than an easement.*** *Abercrombie v. Simmons, supra,* citing *Western Union Tel. Co. v. Pennsylvania R. Co.*, 195 U. S. 540, 25 S. Ct. 133, 49 L. Ed. 312.

*Morsbach v. Thurston Cnty.*, 152 Wash. 562, 568-69, 278 P. 686, 688 (1929) (emphasis added). The owner of the railroad easement is "'entitled to the exclusive use, possession, and control of the land, and the owner of the fee has no right to use, occupy, or interfere with the same in any manner whatever.'" *N. Pac. Ry. Co. v. Tacoma Junk Co.,* 138 Wash. 1, 6, 244 P. 117 (1926) (quoting *Roby v. N.Y. Cent. & Hudson River R. Co.,* 142 N.Y. 176, 180, 36 N.E. 1053 (1894)).

The exclusive and robust nature of a railroad easement continues to be recognized by Washington courts:

> A railroad right-of-way is a very substantial thing, more than a mere right of passage and more than an ordinary easement. *Morsbach,* 152 Wash. at 569, 278 P. 686 (citing *W. Union Tel. Co. v. Pa. R.R.,* 195 U.S. 540, 570, 25 S.Ct. 133, 49 L.Ed. 312 (1904) and *Abercrombie v. Simmons,* 71 Kan. 538, 81 P. 208, 211 (1905)); *State ex rel. N. Coast Ry. v. N. Pac. Ry.,* 49 Wash. 78, 84, 94 P. 907 (1908). It is often likened to a determinable

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 6

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

> fee. *See, e.g., Morsbach,* 152 Wash. at 568, 278 P. 686; *Brown,* 130 Wash.2d at 439, 924 P.2d 908. It is an easement with the substantiality of a fee and the attributes of a fee, perpetuity and exclusive use and possession; also the remedies of a fee. *Morsbach,* 152 Wash. at 569, 278 P. 686. This "fee-like" estate is frequently granted in terms usually associated with the grant of a fee simple. *See, e.g., Morsbach,* 152 Wash. at 569-70, 278 P. 686.

*Hanson Indus., Inc. v. Cnty. of Spokane*, 114 Wn. App. 523, 528, 58 P.3d 910, 914 (2002), *review denied* 149 Wn.2d 1028 (2003). *See also* Danaya C. Wright and Jeffrey M. Hester, *Pipes, Wires, and Bicycles: Rails-to-Trails, Utility Licenses, and the Shifting Scope of Railroad Easements from the Nineteenth to the Twenty-First Centuries*, 27 Ecology L.Q. 351, 387-88 (2000)(courts have "consistently recognized that the easement is bigger, more extensive, and exclusive as against the fee owner than most private easements and public utility easements").

Consistent with their exclusive and robust character, a railroad easement also includes subsurface, surface, and aerial rights within the corridor. Noting that a railroad easement is "more than a mere right of passage," the Washington Court of Appeals adopted the majority view that the "railroad right-of-way also includes the incidental below ground uses of its right-of-way." *Kershaw Sunnyside Ranches, Inc. v. Yakima Interurban Lines Ass'n*, 121 Wn. App. 714, 735, 91 P.3d 104, 116 (2004) *aff'd in part, rev'd in part*, 156 Wn.2d 253, 126 P.3d 16 (2006).[3] It has long been recognized that a railroad "has the free and perfect use of the surface of the land so far as necessary for its purposes, and the right to use as much above and below the surface as may be needed."[4] *Railway Co. v. Telford's Executors*, 89 Tenn. 293, 299, 14 S.W.

---

[3] The Washington Supreme Court decided the case on other grounds and neither addressed, nor altered the lower appellate court's discussion regarding the scope of railroad easements.

[4] The inclusion of subsurface, surface and aerial rights in a railroad easement is also consistent with Washington's approach to road easements. Washington courts analogize railroad easements to public highway easements. *Washington Sec. & Inv. Corp. v. Horse Heaven Heights, Inc.,* 132 Wn. App. 188,

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 7

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

776 (1890).

In short, Plaintiffs fail to cite any authority supporting the assertion that their $141 million takings settlement was merely for the continuation of a surface-only railroad corridor. Such a truncated view of the corridor is contrary to the exclusive and robust nature railroad easements, which supports railroad operations with subsurface, surface and aerial rights. Having been fully compensated for the taking caused by preservation of the BNSF easement and the addition of a trail, Plaintiffs cannot be allowed to double dip through inverse condemnation based on King County's actual use of the same railroad easement. This Court should dismiss Plaintiffs' inverse condemnation claim against King County for the same reasons that justified dismissal of this same claim with prejudice against PSE.

**C.    Plaintiffs' Inverse Condemnation Claim Should Be Dismissed With Prejudice Because They Have Failed to Prove Any Action By King County That Amounts To A Taking**

In its June 30, 2015 Order, this Court dismissed Plaintiffs' inverse condemnation claim against PSE because their complaint failed to allege any actual taking: "Even if the facts Plaintiffs allege were true, there could be no taking at the point that PSE merely (allegedly) *intends* to use Plaintiffs' property." Dkt. 45 at 15. Here, the record is undisputed that King County has yet to actually use the East Side Rail Corridor and remains in the planning stage for any corridor development. *See* Dkt. 47 (Decl. of Jacobs).

---

194, 130 P.3d 880, 883 (2006); *see also* RCW 80.36.050 (defining railroads as "post roads."). Easements granted for public highways allow not only the primary purpose of public travel, but also "numerous other purposes for which the public ways way be used, such as for water mains, gas pipes, telephone and telegraph lines, etc." which are "termed secondary uses and are subordinate to, and permissible only when not inconsistent with, the primary object of the highways." *State ex rel. York v. Bd. of Comm'rs of Walla Walla Cnty.*, 28 Wn.2d 891, 898, 184 P.2d 577, 582 (1947).

DEFENDANT KING COUNTY'S REPLY IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT ON INVERSE CONDEMNATION
CLAIM (15-cv-00358 JCC) - 8

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

The only alleged taking identified by Plaintiffs is the action by the *Port of Seattle* ("Port") in conveying an easement to King County that included subsurface rights. Resp. Brf. at 9. To the extent that this transaction raises any inverse condemnation concerns (which it does not), no cause of action could lie against King County on this basis. Under Plaintiffs' own theory and proof, King County undertook no act of selling an easement.

Plaintiffs further claim that there is no requirement for a physical invasion of their properties before they may sue for inverse condemnation, but fail to cite a single case supporting such a broad claim.[5] Importantly, in dismissing the inverse condemnation claim against PSE with prejudice, this Court has already held that an inverse condemnation claim is not supported by mere statements of intent – "Even if the facts Plaintiffs allege were true, there could be no taking at the point that PSE merely (allegedly) *intends* to use Plaintiffs' property." Dkt. 45 at 15. Plaintiffs failed to seek reconsideration of this ruling under LCR 7(h) and offer no reason why it should not also benefit King County.

The Court should also dismiss the inverse condemnation cause of action because Plaintiffs have failed in their summary judgment burden to present admissible facts. To prove inverse condemnation, Plaintiffs must show far more than plans and intentions, or even arguments in court briefs:

> The plaintiff in such an action must prove a "taking" within the meaning of the law. A "taking" occurs when government invades or interferes with the use and enjoyment of property, and its market value declines as a result. *Lambier,* 56 Wash.App. at 279, 783 P.2d 596. However, there must be more than "a mere tortious interference". *Northern Pac. Ry. Co. v. Sunnyside Valley Irrigation Dist.,* 85 Wash.2d 920, 924, 540 P.2d 1387 (1975). There must be an invasion that is permanent or recurring, *Miotke v. Spokane,* 101 Wash.2d 307, 334, 678 P.2d 803 (1984), *Northern Pac. Ry. Co. v. Sunnyside Valley* *726

---

[5] This case does not, of course, involve a "regulatory taking."

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 9

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington 98104
(206) 296-0430  Fax (206) 296-8819

1   *Irrig. Dist., supra,* or an invasion that involves "a chronic and unreasonable pattern of
2   behavior by the government." *Orion Corp. v. State,* 109 Wash.2d 621, 671, 747 P.2d 1062 (1987), *cert. denied,* 486 U.S. 1022, 108 S.Ct. 1996, 100 L.Ed.2d 227 (1988).
3   *Gaines v. Pierce Cnty.*, 66 Wn. App. 715, 725-26, 834 P.2d 631, 637 (1992).  Plaintiffs have
4   presented no evidence demonstrating an interference with the use and enjoyment of their
5   property, much less any actual diminution in market value.  Because Plaintiffs have failed in
6   their burden to submit declarations that factually establish these elements of an inverse
7   condemnation claim, this Court should grant summary judgment dismissing Plaintiffs' inverse
8   condemnation action with prejudice.

9        Plaintiffs' burden to submit declarations establishing a factual basis for its inverse
10  condemnation claim arose because King County submitted a declaration stating that it has yet to
11  use the corridor.  In her declaration, Ms. Jacobs testifies that "King County is at the very
12  preliminary stages of developing a trail and has no immediate plans for any other uses of the
13  Corridor." Dkt. 47 (Decl. of Jacobs at ¶3).  King County has not occupied or altered the corridor
14  in any significant way:  "The tracks remain in place and King County has not yet constructed any
15  improvements." *Id.* ¶5.  The Court should not consider Plaintiffs' efforts to dispute the credibility
16  of Ms. Jacobs' declaration because credibility determinations fall outside the purview of
17  summary judgment.  *Self-Realization Fellowship Church v. Ananda Church of Self-Realization*,
18  206 F.3d 1322, 1328 (9th Cir. 2000).  The only way for Plaintiffs to dispute Ms. Jacobs'
19  declaration was to submit a counter-declaration, which they failed to do.

20       Finally, Plaintiffs claim that they should be relieved of their burden of refuting Ms.
21  Jacobs and submitting evidence in support of their inverse condemnation claim because they "are
22  confident that once more discovery has taken place additional evidence will be identified that
23

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 10

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

further supports Plaintiffs' inverse condemnation claim." Resp. Brf. at 12. However, confidence is not enough to delay a summary judgment motion, especially when it is unaccompanied by a Fed. R. Civ. P. 56(d) affidavit (or any other affidavit).[6] In ruling for PSE, this Court found that the allegations in the complaint were legally insufficient and could not be amended to state a viable claim. Dkt. 45 at 17 n.14. Under the Declaration of Jacobs, the actual facts similarly demonstrate that Plaintiffs' inverse condemnation claim lacks any factual support. Because there are no disputed material issues of fact and King County is entitled to judgment as a matter of law, this Court should dismiss Plaintiffs' inverse condemnation claim with prejudice.

**D.   Even if Plaintiffs Had a Viable Inverse Condemnation Claim, It Is Not Ripe For Adjudication In Federal Court**

Under Ninth Circuit precedent, a party cannot pursue a takings claim in federal court without first exhausting state remedies. As explained in *Adam Bros. Farming v. Cnty. of Santa Barbara*, 604 F.3d 1142, 1147-48 (9th Cir. 2010):

> a plaintiff bringing a takings claim must have "unsuccessfully attempted to obtain just compensation through the procedures provided by the State." *Williamson County,* 473 U.S. at 195, 105 S.Ct. 3108. To meet this standard, a plaintiff must bring her claim in state court, requesting just compensation for the alleged taking. *See id.* at 196, 105 S.Ct. 3108. This requirement exists because the "Fifth Amendment does not proscribe the taking of property; it proscribes taking without just compensation." *Id.* at 194, 105 S.Ct. 3108. It is not until a party seeks and is denied just compensation from the state that a constitutional violation occurs. *See id.* at 195, 105 S.Ct. 3108.
>
> *When the state provides a procedure by which a party may seek just compensation, such as an inverse condemnation cause of action, the plaintiff must seek relief in state court before bringing a claim in federal court. Id.* at 195, 105 S.Ct. 3108.

---

[6] The claim that there has been no discovery from King County is simply disingenuous. The parties have been engaged in discovery for over a year in the underlying *Kaseburg* matter and King County recently (and timely) answered discovery propounded on it by Plaintiffs under this cause number. Decl. of Hackett ¶2.

DEFENDANT KING COUNTY'S REPLY IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT ON INVERSE CONDEMNATION
CLAIM (15-cv-00358 JCC) - 11

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

(Emphasis added).

Plaintiffs attempt to bypass this rule by claiming that they are bringing "a state inverse condemnation action" under the Court's supplemental jurisdiction, rather than a claim under the Fifth Amendment.  Resp. Brf. at 7.  Such an approach would effectively violate the prudential exhaustion rules recognized in *Williamson County* and *Adams Brothers Farming*.  This Court should refuse supplemental jurisdiction.[7]  *E.g. Bensch v. Metro. Dade Cnty.*, 952 F. Supp. 790, 797 (S.D. Fla. 1996)(declining to exercise supplemental jurisdiction over inverse condemnation claim that had not yet been presented to state courts); *VRC, L.L.C. v. City of Dallas*, 391 F. Supp. 2d 437, 440 (N.D. Tex. 2005)(same).

Finally, Plaintiffs claim that King County misrepresented the statement of Plaintiffs' counsel conceding the ripeness issue when presented with the same arguments in the *Neighbors* case.  Although this is an admittedly minor point, there was no misrepresentation:

THE COURT:  Counsel, is the inverse condemnation cause of action ripe?

MR. STEWART:  No, it's not, Your Honor.

Decl. of Hackett, Ex. A (excerpts from oral argument transcript).  Plaintiffs' counsel later explained his belief that inverse condemnation could be heard under pendent jurisdiction, "[b]ut I honestly think that that's not ripe at this point, Your Honor."  *Id.*

---

[7] Plaintiffs claim to be "shocked" that King County would dispute the ripeness of Plaintiffs' inverse condemnation claim when King County previously removed *Kaseburg* to federal court due to the federal question presented by the Trails Act.  Resp. Brf. at 7.  Plaintiff's argument on this point is a non sequitur.  King County removed *Kaseburg* because it presented a federal question; Plaintiffs made no inverse condemnation claims in that matter.

DEFENDANT KING COUNTY'S REPLY IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT ON INVERSE CONDEMNATION
CLAIM (15-cv-00358 JCC) - 12

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

For the foregoing reasons, this Court should dismiss Plaintiffs' sole remaining cause of action for inverse condemnation with prejudice and dismiss King County from this lawsuit.

DATED this 7th day of August, 2015.

                DANIEL T. SATTERBERG
                King County Prosecuting Attorney

By: *s/ David J. Hackett*
DAVID HACKETT, WSBA #21236
Senior Deputy Prosecuting Attorney

By: *s/ H. Kevin Wright*
H. KEVIN WRIGHT, WSBA #19121
Senior Deputy Prosecuting Attorney

By: *s/ Peter G. Ramels*
PETER G. RAMELS, WSBA #21120
Senior Deputy Prosecuting Attorney

By: *s/ Andrew W. Marcuse*
ANDREW W. MARCUSE, WSBA #27552
Senior Deputy Prosecuting Attorney
Attorneys for Defendant King County

King County Prosecuting Attorney's Office
500 Fourth Ave., 9th Floor
Seattle, WA. 98104
Telephone: (206) 296-8820 / Fax: (206) 296-8819

Email: david.hackett@kingcounty.gov
kevin.wright@kingcounty.gov
pete.ramels@kingcounty.gov
andrew.marcuse@kingcounty.gov

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 13

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

## DECLARATION OF FILING AND SERVICE

I hereby certify that on August 7, 2015, I electronically filed the foregoing Reply of Defendant King County and the Declaration of David J. Hackett in Support of Defendants' Motion to Dismiss with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Daryl A. Deutsch, WSBA # 11003
Attorney for Plaintiff
Rodgers, Deutsch & Turner, PLLC
Three Lake Bellevue Drive, Suite 100
Bellevue, WA 98005
Email: daryl@rdtlaw.com

Thomas S. Stewart
Elizabeth McCulley
Attorneys for Plaintiff
Stewart Wald & McCulley, LLC
9200 Ward Parkway, Suite 550
Kansas City, MO  64114
stewart@swm.legal
mcculley@swm.legal

Michael J. Smith
Attorney for Plaintiff
Stewart Wald & McCulley, LLC
100 N. Broadway, Suite 1850
St. Louis, MO  63102
smith@swm.legal

Timothy G. Leyh, WSBA #14853
Randall Thomsen, WSBA #25310
Kristin Ballinger, WSBA #28253
Attorneys for Port of Seattle
Calfo, Harrigan, Leyh & Eakes, LLP
999 Third Avenue, Suite 4400
Seattle, WA 98104
timl@calfoharrigan.com
randallt@calfoharrigan.com

DEFENDANT KING COUNTY'S REPLY IN
SUPPORT OF MOTION FOR SUMMARY
JUDGMENT ON INVERSE CONDEMNATION
CLAIM (15-cv-00358 JCC) - 14

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819

Kristinb@calfoharrigan.com

Blake Marks-Dias, WSBA #28169
James E. Breitenbucher, WSBA #27670
Attorneys for Puget Sound Energy
Riddell Williams PS
1001 – 4th Avenue, Suite 4500
Seattle, WA 98154-1065
bmarksdias@riddellwilliams.com
jbreitenbucher@riddellwilliams.com

Desmond L Brown
Loren G Armstrong
Attorneys for Sound Transit
401 S Jackson St
Seattle, WA 98104-2826
desmond.brown@soundtransit.org
loren.armstrong@soundtransit.org

Dale N. Johnson
Attorneys for Defendants Cascade Water Alliance
Van Ness Feldman LLP
719 2nd Avenue, Suite 1150
Seattle, WA 98104-1519
dnj@vfn.com

I declare under penalty of perjury under the laws of the United States and the State of Washington that the foregoing is true and correct.

DATED this 7th day of August, 2015 at Seattle, Washington.

*s/ Kris Bridgman*
Kris Bridgman, Legal Secretary
King County Prosecuting Attorney's Office

DEFENDANT KING COUNTY'S REPLY IN SUPPORT OF MOTION FOR SUMMARY JUDGMENT ON INVERSE CONDEMNATION CLAIM (15-cv-00358 JCC) - 15

**Daniel T. Satterberg**, Prosecuting Attorney
CIVIL DIVISION, Litigation Section
900 King County Administration Building
500 Fourth Avenue
Seattle, Washington  98104
(206) 296-0430  Fax (206) 296-8819